382 F.2d 594
 Irvin A. EDELMAN, individually and as agent for a corporation to be organized, Lillian Sack and Joshua Edelman, Plaintiffs-Appellants,
v.
FEDERAL HOUSING ADMINISTRATION by its Commissioner, Defendant-Appellee.
 No. 410.
 Docket 30646.
 United States Court of Appeals Second Circuit.
 Argued May 17, 1967.
 Decided September 7, 1967.
 
 Joshua Edelman, New York City, for plaintiffs-appellants.
 Jerome C. Ditore, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., on the brief), for defendant-appellee.
 Before LUMBARD and MOORE, Circuit Judges, and BONSAL, District Judge.*
 MOORE, Circuit Judge.
 
 
 1
 Irvin A. Edelman appeals from an order dismissing his complaint against the Federal Housing Administration (FHA). The district court ruled that appellant had no standing to sue for relief as an unsuccessful bidder on his claim sounding in contract and that his claim sounding in tort was barred by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., 251 F.Supp. 715. We find both rulings are correct and affirm.
 
 
 2
 In July, 1962, FHA acquired the Peachtree Garden Apartments in Atlanta. Thereafter, Doraville Realty Co., trading as Brittany Realty Co., managed the property for FHA. In August, 1963, Walter L. Tally, the President and sole stockholder of Doraville Realty Co., offered in writing to purchase the property from FHA for $1,400,000. FHA did not accept Tally's offer. Instead, by a "Prospectus and Invitation to Bid," FHA advertised the property for sale at a Public Auction to be held at its Atlanta office on March 20, 1964. The sale was to be conducted in accordance with FHA's procedures for a modified form of auction, and FHA authorized the acceptance of a bid of $1,400,000 or above. However, the Prospectus and Invitation to Bid stated, "Price: No Stated Minimum" and
 
 
 3
 "The right is reserved to reject any or all bids, to waive any informality in any bid. If an acceptable bid pursuant to this advertisement is not received on the RETURN DATE in any instance, FHA without further notice may thereafter (1) accept the first bid meeting the requirements specified herein, or (2) withdraw the property from the market."
 
 
 4
 On March 20, 1964, after the opening of the sealed bids, all bidders were permitted to increase their bids orally. At this auction, the highest bidder was Tally who offered $1,325,000. Appellant Edelman's final bid of $1,316,000 was second best. These bids were taken under consideration by the FHA and, apparently because none of them reached the authorized minimum, all were rejected. Thereafter, however, through private negotiations of which appellant was not aware, the property was sold to Tally for the $1,400,000 which he had originally offered.
 
 
 5
 At the March 20th auction, appellant objected to bidding by Tally on the ground that he was an agent of the FHA but his objection was overruled after consultation with the Washington office. After he learned of the contract of sale to Tally, appellant brought this suit to enjoin the sale and to have himself declared the successful bidder and entitled to a conveyance of the property and for other relief. The complaint alleged that it was improper for the FHA to permit one of its agents to bid on property which the agent managed because he would have the benefit of superior information and because he would be in a position to prevent others from adequately informing themselves concerning the property. Specifically appellant alleged that Tally had deliberately withheld relevant information and had blocked appellant's free access to the property. Secondly it was alleged that the auction was a sham and that at all times the FHA had conspired with Tally to defraud the appellant and other bidders and to sell the property to Tally for $1,400,000.
 
 
 6
 The Federal Housing Administration, "all of the powers of which shall be exercised by a Federal Housing Commissioner," is a creature of the federal government and as such may be sued only within the terms, and subject to the limitations, of a specific federal statute. Although the Commissioner (the FHA) is authorized by 12 U.S.C. Section 1702 to sue and be sued, the exclusivity provision of the Federal Tort Claims Act, 28 U.S.C. Section 2679, provides:
 
 
 7
 "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."
 
 
 8
 Thus, to the extent that appellant's claim is cognizable under 28 U.S.C. Section 1346(b), he must proceed under the FTCA. Section 1346(b) vests exclusive jurisdiction in the United States District Courts for all tort claims against the United States. The language relevant to this suit is "claims * * * for money damages * * * for injury or loss of property * * * caused by the * * * wrongful act or omission of any employee of the Government." Thus for appellant to recover on any claim sounding in tort, he must proceed under this Act. But since 28 U.S.C. Section 2680(h) excludes from the coverage of the FTCA causes of action for "misrepresentation, deceit, or interference with contract rights," appellant is barred altogether.
 
 
 9
 Appellant seeks to avoid the statutory policy of governmental immunity clearly established in the Federal Tort Claims Act, 28 U.S.C. § 2680, by several arguments directed toward excluding the facts of this case from the operation of the Act. None of these claims can be accepted. First, he argues that since fraud constitutes an exception to Section 1346(b), it is not, in the language of the exclusivity clause, "cognizable under section 1346(b)." But that provision is a broadly drafted jurisdictional statute and all torts are "cognizable" within its scope. See Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956), Aleutco Corp. v. United States, 244 F.2d 674 (3 Cir. 1957); Heyer Products Co. v. United States, 140 F. Supp. 409, 135 Ct.Cl. 63 (1956). However, under Section 2680 the United States has not consented to be sued for certain specified tortious conduct, including the intentional torts here alleged, and there is no basis for applying the exception more narrowly than the Act itself. Indeed, it defies common sense to argue that the intent of Congress was that while remedies for negligent torts had to be pursued subject to the limitations of the FTCA, remedies for intentional torts could be obtained outside of these limitations even though as to most agencies such suits were barred altogether. Such reasoning has been held fallacious in the past. Freeling v. Federal Deposit Insurance Corp., 221 F.Supp. 955 (W.D. Okl. 1962), aff'd, 326 F.2d 971 (10 Cir. 1963).
 
 
 10
 Appellant further seeks to avoid this result by claiming that aside from monetary damages, he is seeking declaratory and injunctive relief and that such suits are not cognizable under Section 1346(b). There is authority for this proposition. B. C. Morton International Corp. v. Federal Deposit Insurance Corp., 305 F.2d 692 (1 Cir. 1962). However, it is well established that an unsuccessful bidder has no standing in a suit to challenge the legality of the bidding procedure. Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940); Fulton Iron Co. v. Larson, 84 U.S.App.D.C. 39, 171 F.2d 994 (1948); Heyer Products Co. v. United States, supra. Bidding procedures are for the benefit of the public generally and confer no private rights on the bidder. It avails appellant nothing to assert that he is not an unsuccessful bidder because Tally's bid was void; this is the issue which he is barred from litigating.
 
 
 11
 None of the numerous cases cited by appellant suggest a contrary result. For example in Krupp v. FHA, 285 F.2d 833 (1 Cir. 1961), much relied upon by appellant, the complaint alleged both a contract action, breach of warranty, and a tort action for deceit. The court sustained the complaint on the claim sounding in contract and thus found it unnecessary to consider the tort claim "or the government's special defenses thereto."
 
 
 12
 The appellant never entered into a contract with the FHA. The invitation to bid specifically reserved to the FHA the absolute right to decline to enter a contract with any bidder. Regardless of whether or not Tally's bid was valid, there was no contract of sale with appellant because the FHA never accepted appellant's bid.
 
 
 13
 Appellant contends that by advertising for bids, FHA obligated itself to give fair consideration to all bids, and that by allegedly favoring Tally's bid it did not give fair consideration to appellant's bid. In doing this, argues appellant, FHA breached an implied contract with appellant entitling appellant to damages measured by his expenses in preparing and submitting his bid. (See Heyer Products Co. v. United States, supra.) The District Court, disagreeing with the Court of Claims decision in Heyer Products Co. v. United States, supra, held that this claim also sounded in tort. We do not find it necessary to reach this question. It is apparent that if appellant were permitted to prove a breach of an implied contract of fair consideration by showing that the entire auction was a sham, the effect would be to permit an unsuccessful bidder to attack the auction on the grounds of fraud and misrepresentation — a suit which, as we have pointed out, is doubly barred.
 
 
 14
 Furthermore, in order to recover on a contract theory, appellant would have to prove an implied contract with the FHA to the effect that the agency would fairly conduct all aspects of the auction, including guaranteeing to each prospective bidder equal access to all relevant information. It can hardly be contended on the facts of this case that the FHA entered into such a broad contract. What appellant seeks is judicial review of an allegedly improper sale by the FHA and there is no question that the courts do not possess that power. Gart v. Cole, 166 F.Supp. 129 (S.D.N.Y.), aff'd, 263 F.2d 244 (2 Cir. 1958); Choy v. Farragut Gardens 1, Inc., 131 F.Supp. 609 (S.D.N.Y. 1955). It follows that the complaint was properly dismissed.
 
 
 15
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Southern District of New York, sitting by designation