**MORGAN ASSOCIATES, a joint venture of Terminal Construction Corporation, et al., Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE et al., Defendants,**

**Nab-Lord Associates, a joint venture of Nab Construction Corp. and Lord Electric Co., Inc., Intervenor.**

**No. 75 Civ. 117 (MP).**

United States District Court, S. D. New York.

Jan. 20, 1975.

M. Carl Levine, Morgulas & Foreman, New York City, by Allen Ross and Jerrold Morgulas, New York City, for plaintiff.

Paul J. Curran, U. S. Atty., by Patrick H. Barth, Asst. U. S. Atty., for the Southern District of New York.

McDonald, Schneider, Marcus, Cohn & Tretter, New York City, by Eli S. Cohn, and Franklin E. Tretter, New York City, for intervenor.

## DECISION

MILTON POLLACK, District Judge.

Morgan Associates, a joint venture seeking a construction contract on competitive bidding, seeks injunctive relief against the awarding of a contract by defendants United States Postal Service ("Service" hereafter) and its agents to another joint venture, Nab-Lord Associates, which was the apparent low bidder. At the threshold, the Service challenges the plaintiff's standing to bring this suit. For the reasons shown hereafter the suit must be dismissed.

The defendant Service by an Invitation issued on or about August 26, 1974, entitled "Invitation No. R.E.B. 74–8" invited public bids for certain construction work in connection with the reconstruction of the United States Post Office, Morgan Station, located in New York City. The project consisted of alterations and reconstruction of the existing Post Office Building which was damaged by a fire in 1967 and the construction and installation of mail handling equipment. The Service estimated that the work would cost between $35-million and $55-million.

Bids were opened on November 21, 1974, Nab-Lord Associates bid $51,480,-000 and plaintiff bid $54,444,000. A third bid from Fischbach & Moore, Inc. was in the amount of $62,000,000. Under the Invitation bids must be accepted by January 21, 1975. However, all bidders have extended this period for acceptance until February 20, 1975. After that date, bidders are no longer bound by their offers.

On December 2, 1974 the plaintiff filed a protest with the Contracting Officer of the Service requesting that the bid of Nab-Lord be rejected and the award be made to Morgan Associates as the next lowest bidder. The essence of the protest was that Nab-Lord was privy to knowledge unavailable to other bidders in violation of principles of open and competitive bidding. The background of this was that a former Postal Service employee, Mr. Paul Hendrickson, now the president of Rohr-Plessy, a subcontracting firm, was also now associated with Nab-Lord, and that other Postal Service employees, who had been associated with S. W. Brown Associates, the contractor which made the mechanization design drawings for the Morgan Station project, were now connected to Nab-Lord through their relationship to Mr. Hendrickson and possibly also to

Rohr-Plessy. It was further asserted by the plaintiff that Rohr-Plessy had refused its subcontracting services to any other bidder than Nab-Lord.

The protest was referred to the Law Department [1] of the Service and was denied in opinion dated January 3, 1975. The points made by plaintiff in its protest were each considered and found to be groundless. The opinion particularly pointed out that "The allegation that Mr. Hendrickson may have used information obtained during his employment in order to give Nab-Lord an unfair advantage in the competitive bidding process cannot be sustained since the design specifications and layout drawings were not developed until almost two years after Hendrickson left the Postal Service." The opinion further found and concluded that the regulation of the Service relied on by the protestant made no mention of employees who may have worked on the design for the Architect-Engineer or of subcontractors; that it restricted awards to firms or persons other than those who had designed the project and Nab-Lord was an appropriate awardee within the regulation.

The determination of the Service on the protest was that "there has been no violation of Postal Service policy" in respect to the bidders. It sustained the Contracting Officer's conclusion that the bid of Nab-Lord is responsive and that the award could not be made to protestant. The protest was denied.

This injunction suit followed.

As a threshold objection to injunctive relief, the Postal Service asserts that Morgan Associates lacks standing to question before this Court the contractual action taken or about to be taken by the Service.[2]

The rule in this Circuit is that an unsuccessful bidder lacks standing to bring suit to challenge the legality of the bidding procedure. Edelman v. Federal Housing Administration, 382 F.2d 594, 597 (2d Cir. 1967) (Moore, J.) (citing Perkins v. Lukens Steel Co., 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940)). "Bidding procedures are for the benefit of the public generally and confer no private rights on the bidder." Id.

Edelman in essence involved the sale of real property by the FHA to the principal of the managing agent for the property and a challenge by the second highest bidder. The Court held that the unsuccessful bidder was barred from litigating its claim that the successful principal's bid was void on the ground that he possessed superior information concerning the property and had blocked the unsuccessful bidder's free access to the property.[3]

Morgan Associates contends that it is nonetheless a proper party as a private attorney general to assert the public interest in truly competitive bidding on construction contracts, citing Scanwell Laboratories, Inc. v. Shaffer, 137 U.S. App.D.C. 371, 424 F.2d 859 (1970) (unsuccessful bidder has standing to assert

---

1. The Postal Service regulations permit an unsuccessful bidder to protest to the Service's General Counsel, but apparently do not provide for further administrative or judicial review of bid determinations. See Postal Contracting Manual, 2–407.8, incorporated by reference in 39 C.F.R. §§ 601.100 and 601.-103(b).

2. It is important to distinguish the question of standing, i. e., whether a particular person is a proper party to seek judicial review, from the question of whether the administrative action is reviewable at all by the courts. See L. Jaffe, Judicial Control of Administrative Action, 336 (1965). Profes-

sor Jaffe does note that if the class of persons most nearly affected does not have standing, the administrative action is for all practical purposes not subject to judicial review. Id. at 337.

3. The plaintiff in Edelman also attempted to assert a claim under the Tort Claims Act, but the Court concluded that such a claim would be barred by the statutory exclusion of causes of action for "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Morgan Associates does not appear to assert a cause of action in tort.

the disqualification of the successful bidder under the applicable regulations).

However, even if the private attorney general rationale represented the law of this Circuit with respect to contract bid challenges, it would not be applicable to the Postal Service action in this case. The relaxed view taken in *Scanwell* of those "aggrieved persons" who had standing was based upon an interpretation of the congressional intent expressed both in the specific statute granting the right to review when the Walsh-Healey Act is involved, 41 U.S.C. § 43a, and in Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702.

■ The Postal Reorganization Act of 1970 (the "Act"), which replaced the Post Office Department with the United States Postal Service, grants judicial review of limited matters[4] but does not include a grant of judicial review of contract bids, and the Act explicitly excludes the Administrative Procedure Act ("APA") from applicability to the exercise by the Service of its powers with respect to "public or Federal contracts, property [or] works".[5] 39 U.S.C. § 410(a). Additionally, general statutory requirements on governmental agency contracting are expressly made inapplicable to the contracting by the Service (with exceptions not relevant here). 39 U.S.C. § 410(a).

■ The exclusion of the APA from applicability to contracting by the Service had no counterpart in the superseded provisions of Title 39 and expresses congressional recognition that a rapid and major reorganization and modernization of both facilities and personnel of the Post Office would be necessary if the burgeoning demands for service were to be met. *See* H.R.Rep.No.91–1104, 91st Cong., 2d Sess., 1970 U.S.Code Cong. & Admin.News, 3649, 3650–3653. Thus it may be said that the interest of Morgan Associates as an unsuccessful bidder has been excluded from and is *not* "arguably within the zone of interests to be protected". *See* Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970).

The congressional determination to consider the interests of unsuccessful bidders only through administrative[6] action rather than judicial scrutiny is appropriate if modernization of the Postal Service is to proceed expeditiously.[7] *See* Gary Aircraft Corp. v. United States, 342 F.Supp. 473, 477–478 (W.D.Tex. 1972).

The exclusions mentioned above affect the questions both of standing, 5 U.S.C. § 702, and the availability of review *vel non*, 5 U.S.C. § 701, under the APA.

Accordingly, the Court concludes that *Edelman* governs, and that Morgan Associates lacks standing to bring this suit. Complaint dismissed.

So ordered.

---

4. "Aggrieved persons" are granted judicial review, for example, of postal ratemaking determinations. 39 U.S.C. § 3628.

5. Citation by Morgan Associates of cases reviewing Postal Service mail stop orders or interception orders made upon a finding of false advertising, *c. g.*, N. Van Dyne Advertising Agency, Inc. v. United States Postal Service, 371 F.Supp. 1373 (S.D.N.Y.1974); American Image Corporation v. United States Postal Service, 370 F.Supp. 964 (S. D.N.Y.1974), is inapposite for two reasons. First, § 410(a) of the Act does not affect the applicability of the APA beyond the areas explicitly listed. Second, addressees of stop or interception orders would be found to have standing under even the most restrictive interpretation of the doctrine.

6. See note 1, *supra*.

7. "Courts should not, where Congress has not done so, subject purchasing agencies of Government. to the delays necessarily incident to judicial scrutiny at the instance of potential sellers . . . . A like restraint applied to purchasing by private business would be widely condemned as an intolerable business handicap." Perkins v. Lukens Steel Co., 310 U.S. 113, 130, 60 S.Ct. 869, 878, 84 L.Ed. 1108 (1940).

"Top management must be given authority, consistent with its responsibilities, to provide an efficient and economical postal system. Postal management has been severely and unjustly hampered in its efforts to administer the Department in a businesslike way." H.R.Rep.No.1104, *supra* at 3653.