**CENTURY METAL PARTS CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, William A. Mackinlay, and John Doe, Defendants.**

**No. 79 C 1700.**

United States District Court, E. D. New York.

Aug. 6, 1979.

Norman Jacobson, Bayside, for plaintiff.

Edward R. Korman, U. S. Atty., Eastern District of New York by Robert L. Begleiter, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM

NEAHER, District Judge.

Century Metal Parts Corporation ("Century") instituted this action seeking a direction that defendants cancel a solicitation for priced bid proposals, identified as Invitation for Bid ("IFB")—DAAB07–79–B–2832, and a preliminary injunction against an award under the IFB until final judgment in the action. A permanent injunction is presumably sought as final relief. Jurisdiction is predicated primarily on the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

On July 5, 1979, a hearing was held during which the testimony of Captain William A. Mackinlay, the procuring contracting officer of the United States Army Communications and Electronics Material Readiness Command in Fort Monmouth, New Jersey, was taken and documentation received in evidence. Because the record is concededly complete and the parties agree that there is

no utility in further hearings,[1] plaintiff's motion for a preliminary injunction is deemed consolidated with the trial of the action on the merits under Rule 65(a)(2), F.R.Civ.P. The following constitutes the court's findings of fact and conclusions of law.

Plaintiff is a New York corporation and was one of 34 firms solicited by defendants to submit a quotation on an item identified in the IFB at issue. The item sought to be purchased is an antenna element or mast section of an antenna used by ground troops for FM communication. The item is identified on page 24 of the IFB as:

"ANTENNA, ELEMENT, IAW in accordance with CERCOM Dwg SC–DL–83061, Rev H, and all associated dwgs. P/O AS–612/U"

Included in the bid set are microfilm drawing plates of the drawings designated and other references.

It is claimed that all drawings and other materials make reference to items described as "Mast Sections", AB–21/GR, AB–23/GR and AB–24/GR, rather than "antenna element." Plaintiff also alleges that in none of these documents or illustrations is there any identification of the exact item upon which the bids were solicited, except that on page 24 of the IFB, the National Stock Number ("NSN") of the correct mast section—580002280244—is set forth. Plaintiff claims it researched the NSN and bid on the mast section there identified, the AB–21/GR. While it did bid on the correct item, as did the other three ultimate bidders on the IFB, plaintiff was the second lowest bidder, exceeding the successful bidder by 17 cents on a bid of $2.82 per item.

Plaintiff thereafter commenced bid protest procedures under the Small Business Administration Act and the Walsh-Healey Public Contracts Act. While administrative stays have been in effect pending determination of these protests, the court has been informed that the Department of Labor has rejected plaintiff's protest and that the Small Business Administration is expected to follow suit shortly, leaving the stay agreed upon by the parties pending resolution of this motion as the only impediment to confirmation of the award.

At the heart of the complaint is plaintiff's contention that the bid set is ambiguous in its designation of the precise item sought as either a mast section or antenna element and that the low bidder, in fact, communicated with the government with respect to the asserted ambiguity. Plaintiff also alleges that other firms solicited simply threw the papers away when they became aware of the ambiguity.[2] It contends that the government had a duty, upon being informed of the "ambiguity," to correct the conflict and inform the other 33 firms solicited and claims that the government's failure to do so requires cancellation of the bidding since not all firms had an equal opportunity to bid on the IFB.

At the threshold is defendants' assertion that Century lacks standing to prosecute this action. Its argument is twofold. First, the government contends that under precedent in this circuit, binding on the court, a disappointed bidder has no standing to challenge the legality of government bidding procedures. See *Edelman v. Federal Housing Administration*, 382 F.2d 594, 597 (2 Cir. 1967), following *Perkins v. Lukens Steel Co.*, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). While noting that district courts in this circuit have recently declined to follow *Edelman*, see *John W. Danforth Co. v. Veterans Administration*, 461 F.Supp. 1062 (W.D.N.Y.1978); *Schiavone Const. Co., Inc. v. Samowitz*, 451 F.Supp. 29 (S.D.N.Y.1978); *Union Carbide Corp. v. Train*, 73 F.R.D. 620 (S.D.N.Y.1977), preferring instead to follow the contrary holding in *Scanwell Laboratories, Inc. v. Shaffer*, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970), the government maintains that *Edelman* is still good law in this circuit and should be adhered to until the Court of Appeals expressly determines district courts should do otherwise. See *Morgan Associates v. United States Postal Ser-*

---

1. The parties have had ample opportunity to supplement the record.

2. Captain Mackinlay testified that four bids is a typical response in such a solicitation.

*vice,* 511 F.2d 1223 (2 Cir. 1975). Alternatively, the government claims that even should this court determine that *Scanwell* correctly states the law, plaintiff has failed to satisfy the requirement of injury in fact, which is a prerequisite to a finding of standing even under *Scanwell,* since plaintiff bid on the correct item and cannot, and does not, claim it has been injured.

While the standing issue presents interesting and close questions, the court need not decide it in view of our conclusion that the complaint must fall on the merits. Upon consideration of the documentation submitted, the court is of opinion that the plaintiff has failed to establish any impropriety in the bidding procedures sufficient to warrant cancellation of the award.

This conclusion is amply supported by the record. The NSN, which specifically identified the precise item demanded, was included in all the bid sets, and plaintiff used the number to verify the item before making its bid. Standard Form 33, section 9, of the IFB, moreover, invites bidders with questions to contact the government at a specific number. This procedure was utilized by the low bidder to confirm its understanding and hardly gives rise to an inference of impermissible conduct on the government's part. Other potential bidders, if so inclined, were under no disability to make similar inquiries. Finally, the various documents alleged to create the ambiguity in the bid set do not support plaintiff's contention and are, in fact, consistent with the conclusion that the government sought bids on the AB–21/GR and no other item.[3]

The government candidly admits that the specific AB model is usually specified and

that such a specification was omitted in this particular bid set. Not every minor irregularity, however, can provide the basis for undoing a government bidding procedure where the omission is harmless. Here Century was a previous bidder on the AB–21 and had obtained the last two contracts for the item. Plaintiff, and all the other bidders, moreover, bid on the correct item in this solicitation. In these circumstances, its claim of uncertainty is hollow and that of other potential bidders equally unconvincing, given the more than adequate identification of the item discernible in the exercise of reasonable diligence. Accordingly, defendants are granted judgment dismissing the complaint.

SO ORDERED.

---

3. The IFB makes reference to a drawing contained in the bid set and identified by the number SC–DL–83061 (Plaintiff's Exhibit # 1). This document, actually a data list, makes further reference to a drawing and list identified by the document number SC–D–13614 (Plaintiff's Exh. # 2) and nomenclature "mast sections" AB–21/GR through AB–24/GR. SC–DL–83061 also refers to USAECOM Gage Lists, which identify by document number the gage corresponding to each of the mast sections, number SC–GL–57623 for the AB–21/GR. Although plaintiff at first denied receiving SC–GL–57623, it now concedes that it was included

in the IFB but denies that it unambiguously identifies the AB–21/GR as the mast section to which the gage corresponds.

Plaintiff's contention collapses, however, upon examination of a microfilm aperature card containing the document, which was supplied by the government. The card clearly indicates that the gage is concerned with the AB–21/GR and no other. Review of the IFB documentation easily reveals the identity of the item sought, and we find the nomenclature change from antenna element to mast section of no consequence in view of the adequate documentation provided.