PAMATA AGA, Plaintiff

v.

U.S. SECRETARY OF INTERIOR, AMERICAN SAMOA
GOVERNMENT, LBJ TROPICAL MEDICAL CENTER, DR. CLAUDE
DALTON-JAGH, DOES I THRU XX, Defendants

High Court of American Samoa
Trial Division

CA. NO. 109-86

December 19, 1986

Before MURPHY, Associate Justice.

Counsel: For Plaintiff, Charles Ala'ilima
For Defendants ASG et al., Martin Yerick,
Assistant Attorney General
For Defendant Secretary of the Interior,
Michael Kruse

On October 21, 1986 Plaintiff brought this action under and pursuant to the Government Tort Liability Act. Chapter 12, Title 43, A.S.C.A. Plaintiff pled compliance with the requisite jurisdictional requirements as provided in the Act. Plaintiff's claim is based upon a theory of medical malpractice. She has named as defendants, in addition to the Government of American Samoa, the L.B.J. Tropical Medical Center, Dr. Claude Dalton Jagh, the United States Secretary of the Interior and Does 1 through XX.

The Attorney General has moved for an order striking defendants L.B.J. Tropical Medical Center and Dr. Claude Dalton-Jagh from the complaint. The Attorney General argues that the remedy provided under the Act is exclusive and the Plaintiff can only proceed against A.S.G. as the sole defendant.

The Court notes that there is an additional ground for dismissal as to L.B.J. It is common knowledge that the Medical Center is operated and administered by A.S.G.

Title 13 of the American Samoa Code Annotated provides for the establishment within the executive branch of A.S.G. Territorial Medical Facilities, but there is no provision that any facility so established can sue or be sued. Keifer & Keifer v. R.F.C., 306 U.S. 381 (1939), presaged the idea of governmental tort liability and the issue of what agencies can be sued. See for example: Kozikowski v. Delaware River Port Authority, 397 F.Supp. 1115 (D.N.J. 1975), Edelman v. F.H.A., 382 F.2d 594 (2d Cir. 1967) (opinion at 251 F. Supp. 715). In order for a governmental subdivision to be a party defendant (or plaintiff) that power must be created by statute or constitution. Simply designating a facility by name does not create a separate entity.

Ordinarily various departments and subdivisions of the government are the responsibility of the executive, ie; A.S.G. Can you sue a police sub-station? A bus stop? Can "Montoya Corner" be a defendant? We think not, ergo L.B.J. Tropical Medical Center should be stricken as a party defendant.

We now turn to the issue of whether or not the government employee can be sued. The answer is he can, except when the plaintiff elects to proceed under the Government Tort Liability Act. (See Moana et al. v. A.S.G., CA No. 133-85, December 18, 1986, High Court Trial Division.)

The determinative provisions of the statute are 43.1211 (a): "The remedy by suit against the government as provided by this chapter for damage . . . or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the government acting within the scope of his . . . employment shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ."

Paragraph (b) of the same section provides in pertinent part that the Attorney General is to defend any such action brought against an employee of the government.

131

This is pretty straightforward language and the reasoning behind it is readily apparent. The Act is essentially a waiver of sovereign immunity. <u>Richards v. United States</u> 369 U.S. 1 (1962). The government being the "deep pocket" wants to retain control of the litigation.

A judgment taken under this chapter constitutes a complete bar to any action against the employee. A.S.C.A. § 43.1207. In the event a judgment is <u>not</u> taken, as for example, if the employee was found not to be acting within the scope of his employment as suggested by Plaintiff's counsel in his memorandum, then of course an action can be maintained against the employee. However, until that occurs, so long as Plaintiff is proceeding under the Act, she can only sue A.S.G. Accordingly the motion to strike L.B.J. Tropical Medical Center should be granted on both grounds above stated and Dr. Claude Dalton-Jagh should also be stricken as a party defendant. The Secretary of Interior has not joined in the motion to strike. The Court does not have the temerity to strike him absent a motion since perhaps he is planning on coming to Samoa to personally defend.

Motion to strike granted this 19th day of December, 1986.