UNITED STATES *v.* BROWN.

No. 38.  Argued November 15, 1954.—Decided December 6, 1954.

*Samuel D. Slade* argued the cause for the United States.  *Solicitor General Sobeloff, Assistant Attorney General Burger, Paul A. Sweeney, Morton Hollander* and *David A. Turner* were on the brief.

*Lee S. Kreindler* argued the cause and filed a brief for respondent.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This is a suit under the Federal Tort Claims Act, 28 U. S. C. § 1346 (b), brought by respondent, a discharged veteran, for damages for negligence in the treatment of his left knee in a Veterans Administration hospital.  The injury to the knee occurred while respondent was on active duty in the Armed Services.  The injury led to his honorable discharge in 1944.  In 1950, the Veterans Administration performed an operation on the knee; but the knee continued to dislocate frequently.  So another operation was performed by the Veterans Administration in 1951.  It was during the latter operation that an allegedly defective tourniquet was used, as a result of which the nerves

in respondent's leg were seriously and permanently injured.

The Independent Offices Appropriation Act, 1935, 48 Stat. 526, 38 U. S. C. § 501a, allows compensation both where the veteran suffers injury during hospitalization and where an existing injury is aggravated during the treatment. Each is considered as though it were "service connected." Respondent received a compensation award for his knee injury when he was honorably discharged; and that award was increased after the 1951 operation.

The District Court agreed with the contention of petitioner that respondent's sole relief was under the Veterans Act and dismissed his complaint under the Tort Claims Act. The Court of Appeals reversed. 209 F. 2d 463. The case is here on a petition for certiorari which we granted, 347 U. S. 951, because of doubts as to whether *Brooks* v. *United States,* 337 U. S. 49, or *Feres* v. *United States,* 340 U. S. 135, controlled this case.

The *Brooks* case held that servicemen were covered by the Tort Claims Act where the injury was not incident to or caused by their military service. 337 U. S. 49, 52. In that case, servicemen on leave were negligently injured on a public highway by a government employee driving a truck of the United States. The fact that compensation was sought and paid under the Veterans Act* was held not to bar recovery under the Tort Claims Act. We refused to "pronounce a doctrine of election of remedies, when Congress has not done so." *Id.,* at 53.

The *Feres* decision involved three cases, in each of which the injury, for which compensation was sought under the Tort Claims Act, occurred while the serviceman was on active duty and not on furlough; and the

---

*We indicated that recovery under the Tort Claims Act should be reduced by the amounts paid by the United States as disability payments under the Veterans Act. 337 U. S. 52, 53–54. See the case on remand, *United States* v. *Brooks,* 176 F. 2d 482, 484.

negligence alleged in each case was on the part of other members of the Armed Forces. The *Feres* decision did not disapprove of the *Brooks* case. It merely distinguished it, holding that the Tort Claims Act does not cover "injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U. S. 135, 146. The peculiar and special relationship of the soldier to his superiors, the effects of the maintenance of such suits on discipline, and the extreme results that might obtain if suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed in the course of military duty, led the Court to read that Act as excluding claims of that character. *Id.,* at 141–143.

The present case is, in our view, governed by *Brooks,* not by *Feres.* The injury for which suit was brought was not incurred while respondent was on active duty or subject to military discipline. The injury occurred after his discharge, while he enjoyed a civilian status. The damages resulted from a defective tourniquet applied in a veterans' hospital. Respondent was there, of course, because he had been in the service and because he had received an injury in the service. And the causal relation of the injury to the service was sufficient to bring the claim under the Veterans Act. But, unlike the claims in the *Feres* case, this one is not foreign to the broad pattern of liability which the United States undertook by the Tort Claims Act.

That Act provides that, "The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U. S. C. § 2674. The *Feres* case emphasized how sharp would be the break in tradition if the claims there asserted were allowed against the United States, the Court noting that the effect of the Tort Claims Act is "to waive immunity from recognized causes of action," "not to visit

the Government with novel and unprecedented liabilities." 340 U. S. 135, 142. But that cannot be said here. Certainly this claim is one which might be cognizable under local law, if the defendant were a private party. Responsibility of hospitals to patients for negligence may not be as notorious as the liability of the owners of automobiles. But the doctrine is not novel or without support. See, for example, *Sheehan* v. *North Country Community Hosp.*, 273 N. Y. 163, 7 N. E. 2d 28, and the cases collected in 25 A. L. R. 2d 29.

Congress could, of course, make the compensation system the exclusive remedy. The Court held in *Johansen* v. *United States,* 343 U. S. 427, that Congress had done so in the case of the Federal Employees Compensation Act, with the result that a civilian employee could not sue the United States under the Public Vessels Act. We noted in the *Brooks* case, 337 U. S. 49, 53, that the usual workmen's compensation statute was in this respect different from those governing veterans, that Congress had given no indication that it made the right to compensation the veteran's exclusive remedy, that the receipt of disability payments under the Veterans Act was not an election of remedies and did not preclude recovery under the Tort Claims Act but only reduced the amount of any judgment under the latter Act. We adhere to that result. We adhere also to the line drawn in the *Feres* case between injuries that did and injuries that did not arise out of or in the course of military duty. Since the negligent act giving rise to the injury in the present case was not incident to the military service, the *Brooks* case governs and the judgment must be

*Affirmed.*

MR. JUSTICE BLACK, with whom MR. JUSTICE REED and MR. JUSTICE MINTON join, dissenting.

In *Brooks* v. *United States,* 337 U. S. 49, we held that actions for damages could be brought against the Govern-

ment for injuries to one soldier and the death of another due to negligent operation of an army truck. But we pointed out that the accident there had nothing to do with the "army careers" of the soldiers and was neither caused by nor incident to their military service. When injured the two soldiers were off duty and were riding along a state highway in their own car on their own business which bore no relationship of any kind to any past, present or future connection with the army. Thus, the two soldiers would have been injured had they never worn a uniform at all. In this case, however, the injury is inseparably related to military service and the *Brooks* case should not be held controlling. But for his army service this veteran could not have been injured in the veterans hospital as he was eligible and admitted for treatment there solely because of war service which gave him veteran status. Moreover, he was actually being treated for an army service injury.

For a hospital injury a veteran is entitled to precisely the same disability benefits as if the injury had been inflicted while he was a soldier.* We have previously held, I think correctly, that a soldier injured in a hospital cannot also sue for damages under the Tort Claims Act. *Feres* v. *United States,* 340 U. S. 135. But the Court now holds that a veteran can. To permit a veteran to recover damages from the Government in circumstances under which a soldier on active duty cannot recover seems like an unjustifiable discrimination which the Act does not require.

---

* "Where any veteran suffers . . . an injury, or an aggravation of any existing injury, as the result of hospitalization or medical or surgical treatment . . . benefits . . . shall be awarded in the same manner as if such disability, aggravation, or death were service connected . . . ." 48 Stat. 526, 38 U. S. C. § 501a.