Field C. McCORD, and wife Willie Mae McCord, father and mother and next of kin of Kenneth Wayne McCord, Deceased,

v.

UNITED STATES of America.

Civ. A. No. 6593.

United States District Court,
M. D. Tennessee,
Nashville Division.

Oct. 25, 1972.

Edward C. White, Nashville, Tenn., for plaintiffs.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM AND ORDER

MORTON, District Judge.

Field C. McCord and wife, Willie Mae McCord, individually as next of kin and as executors of the estate of Kenneth Wayne McCord, brought suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq., to recover damages for the death of their son, Kenneth Wayne McCord, who was killed on November 22, 1970, when he was shot by Sgt. Roger R. Klay, both of whom were on duty in the United States Army. The case is now before the court on motion of the United States for summary judgment.

On the evening of November 22, 1970, Pfc. Kenneth Wayne McCord and Sgt. Roger R. Klay, both stationed at Fort Bragg, North Carolina, and assigned to the 21st Military Police Company, were on duty at their station in the basement of the Police Department of the City of Fayetteville, North Carolina. At about ten o'clock that evening McCord was shot and killed when a .45 revolver which Sgt. Klay was cleaning discharged. A Fayetteville Police Department investigation ruled the incident accidental homicide.

The issue for determination is whether plaintiffs are precluded from recovering damages in this action under the Federal Tort Claims Act by reason of the fact that Pfc. McCord was on active duty and acting within the line of duty at the time of the shooting.

Plaintiffs allege that Army regulations prohibited the cleaning of weapons at the location of the accident, and they therefore reason that recovery should be allowed since the decedent's death did not arise from an activity that involved

an official military relationship between the negligent person and the decedent, but was caused by carelessness and inattention to an unauthorized and needless act.

Defendant asserts that the deceased was acting incident to service and within the line of duty at the time of his accidental death, and that plaintiffs are therefore precluded from recovery under the Federal Tort Claims Act.

■ The Supreme Court in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity *incident to service.*" 340 U.S. at 146 (Emphasis supplied.) The court in United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954), affirmed the *Feres* doctrine, but spoke in somewhat different terms: "We adhere also to the line drawn in the *Feres* case between injuries that did and injuries that did not arise out of or *in the course of military duty.*" 348 U.S. at 113 (Emphasis supplied.) Thus, the Supreme Court in considering claims under the Federal Tort Claims Act has employed both an "incident to service" standard and a more restrictive "in the course of military duty" standard in characterizing the origin of injuries sustained by servicemen. The Sixth Circuit, on the basis of language by Chief Justice Warren in United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963), has concluded that "in the course of military duty" properly describes the origin of service-related injuries which are nonrecognizable under the Federal Tort Claims Act.

■ In this case, the court finds that the accidental homicide of plaintiffs' deceased son arose from activity which was both "incident to service" and "in the course of military duty." In making this determination, the court feels that the cleaning of weapons is an activity which is commonplace in military life,

and which is clearly activity undertaken in the course of military duty. This result is not changed by the fact that Sgt. Klay was negligent in the conduct of cleaning his weapon, or even that it was a needless act which was unauthorized for one at this particular station. The crucial element is that the accident resulted from activities engaged in by active duty personnel in the course of military duty. Therefore, the claim for damages is not one within the scope of the Federal Tort Claims Act, and the motion for summary judgment filed by the defendant must be and hereby is granted.