Ruth Minerva KINSEY, as Executrix and
Surviving Heir of Johnnie Richard
Longenecker, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 77–360–C.

United States District Court,
E. D. Oklahoma.

Feb. 6, 1978.

Ronald Skoller, Tulsa, Okl., for plaintiff.

Betty O. Williams, Asst. U. S. Atty., Mus-
kogee, Okl., for defendant.

## ORDER OF DISMISSAL

DAUGHERTY, Chief Judge.

This is a medical malpractice action
brought against the United States pursuant
to the Federal Tort Claims Act (Act), 28
U.S.C. §§ 1346(b), 2671 et seq. Pursuant to
Rule 12(b), Federal Rules of Civil Proce-
dure, the United States has filed a Motion
to Dismiss Plaintiff's Complaint on the
grounds that the Court lacks jurisdiction
over the subject matter and that the Com-
plaint fails to state a cause of action
against the United States.

Johnnie Richard Longenecker (Longe-
necker) was inducted into the United States
Marine Corps in 1969. In June, 1974 he
sought medical treatment from Marine
Corps medical personnel for severe intesti-
nal indigestive problems; sometime after·
July, 1975 it was determined that he was
suffering from cancer of the esophagus.
He was retired from active military service
in October, 1975 by reason of permanent
physical disability and received medical
treatment until his death in 1976. Plain-
tiff, the executrix of Longenecker's estate,
brings the instant action against the United
States seeking compensatory and punitive
damages for the negligent failure of Marine
Corps medical personnel to properly diag-
nose and treat Longenecker's cancerous
condition while he was on active duty with
the Marine Corps.

In its Motion to Dismiss, the United
States contends that under the doctrine an-
nounced by the Supreme Court in *Feres v.
United States*, 340 U.S. 135, 71 S.Ct. 153, 95
L.Ed. 152 (1950), the United States is not
liable under the Federal Tort Claims Act
for injuries to a serviceman where the inju-
ries arose out of or are in the course of
activity incident to service. The United
States asserts that as Longenecker was on
active duty at the time he was treated at a
military hospital, this action comes within
the scope of the *Feres* doctrine and this
Court is precluded from having jurisdiction
of the subject matter of the action.

In her Opposition Brief to Defendant's
Motion to Dismiss, the Plaintiff maintains
that the *Feres* doctrine is not applicable to
this case. She argues that the injury in-
volved herein, Longenecker's esophogeal
cancer, did not arise out of or in the course
of activity incident to military service. She

cites *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), as allowing a lawsuit against the United States under the Act where the injury sustained had nothing whatever to do with the injured party's military status.

The Court finds that the *Feres* doctrine is applicable to this case and precludes this Court from having jurisdiction of Plaintiff's action. Two of the three cases which were before the Supreme Court in *Feres* were medical malpractice cases, and one of these was also a wrongful death action. As in the case at bar, the victims of the alleged malpractice in *Feres* were soldiers on active duty. Thus this case appears to be indistinguishable from *Feres*. After considering the unique relationship of military personnel to their government and the fact that Congress had provided a uniform system of compensation for the injury or death of those in the armed forces, the Court in *Feres* held that the United States is not liable for injuries to servicemen which are sustained while on active duty as a result of negligence of other armed forces personnel.

Plaintiff argues, however, that *Feres* is inapplicable here because the injury complained of was not sustained "incident to service." This contention is misplaced. Since *Feres* there have been numerous cases involving actions for injury to or death of a serviceman as the result of malpractice in a military hospital or other government medical facility. The courts have typically taken the position that the serviceman received government medical treatment solely because of his military status, and that accordingly injuries received therein must be deemed incident to service, for which government liability is precluded. In none of the cases has recovery been allowed. *See* Annot., 31 A.L.R. Fed. 146 (1977)[1] § 22, at 208 et seq.; 35 Am.Jur.2d *Federal Tort Claims Act* § 75 (1967).

In her Complaint, Plaintiff alleges that the malpractice occurred while Longenecker was on active duty with the Marine Corps. This distinguishes the instant case from *Brooks v. United States*,[2] *supra*, in which the plaintiff was on furlough when injured; and from *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954),[3] in which the plaintiff was injured by an army surgeon after his discharge from the service.

In view of the foregoing, Defendant's Motion to Dismiss based on the Court's lack of subject matter jurisdiction should be granted and Plaintiff's action should be dismissed.

---

1. "Serviceman's Right to Recover Under Federal Tort Claims Act (28 U.S.C.S. § 2671 et seq.)"

2. In *Brooks*, suit under the Act was permitted by a serviceman on leave who was negligently injured on a public highway when the vehicle in which he was riding was struck by a government vehicle driven by a government employee.

3. In *Brown*, a serviceman sustained a knee injury while on active duty and Veterans Administration doctors negligently operated on the knee seven years after his discharge. Suit was permitted under the Federal Tort Claims Act.