**Olin L. BISHOP, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. CA 80–1442.**

United States District Court, District of Columbia.

Oct. 12, 1983.

Michael J. Madigan, Pamela S. Horowitz, Washington, D.C., for plaintiff.

John Oliver Birch, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

JOHN GARRETT PENN, District Judge.

The plaintiff, who was in the United States Army from 1959 to 1976, filed this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and the First, Fourth, Fifth, Eighth, and Ninth Amendments to the Constitution of the United States. He contends that he voluntarily participated in drug experiments conducted by the Army in 1963 at Edgewood Arsenal, Maryland. The experimentation involved the administration of various drugs including 3-Quinuclidinyl Benzilate (BZ), a chemical hallucinogen, and its derivative to human subjects. He seeks to recover damages against the United States and a number of individual defendants. The case is now before the Court on the defendants' motion to dismiss, or in the alternative, for summary judgment. After giving careful consideration to the motion and the opposition thereto, together with the record in this case, the Court concludes that the motion to dismiss should be granted.

The plaintiff enlisted in the Regular Army in 1959. In July 1963 he reported for temporary duty (TDY) at the United States Army Chemical Center, Edgewood Arsenal, Maryland in order to participate in the research activity of the Chemical Warfare Laboratories as a volunteer test subject. Near the end of that month, the plaintiff was administered a chemical agent by injection. Eleven hours before he was released from the test site, he was asked to fill out a form indicating the symptoms

experienced by him and a resume of his reactions to the drug he was administered. Plaintiff recalled his reactions in great detail. *See* Defendants' Motion Exhibit B. The test which concluded on August 2, 1963 was the only time the plaintiff was exposed to a chemical agent while at Edgewood Arsenal. Plaintiff remained on TDY until August 28, 1963, and thereafter remained in the Army until his retirement in 1976. On December 18, 1963, plaintiff complained to an Army physician that he had difficulty reading and that he suffered this difficulty since receiving an "incapacitating drug" at Edgewood Arsenal. *See* Defendants' Motion Exhibit D. On October 12, 1979, plaintiff submitted an administrative claim to the Army for a nervous condition which he said was the result of a drug experiment he participated in during his enlistment in the Army. His claim was denied on December 7, 1979.

■ Defendants are now entitled to dismissal for two reasons. First, the Court concludes that this action against the United States and the individual defendants is untimely. After the completion of the test, the plaintiff completed a form in which he described his reaction to the experiment. Defendants' Motion Exhibit B. For example, he referred to hearing people who were not there, lightheadedness, inability to read small print without his glasses, impaired speech, and a failure to be able to think and act on his own. In December 1963, several months after the experiment, he made a medical complaint in which he stated that, among other problems, "he has difficulty reading since that time [the test at Edgewood Arsenal]". Defendants' Motion Exhibit D. He alleges that the defendants failed to provide him with any follow-up examination, that he *"continues"* to suffer physical and psychological effects, that his vision *"remains"* blurred and that he lost his ability to concentrate on daily tasks. Complaint ¶ 33. Plaintiff knew that he was experiencing problems since the test and that the symptoms he suffered were similar to those during and after the test. He also knew that he was involved in an experiment in which a drug was used. It appears that the only thing he did not know was that he had been given a derivative of BZ. Based on the undisputed facts, it is clear that since 1963, the plaintiff knew he had been hurt and who inflicted the injury. *See United States v. Kubrick*, 444 U.S. 111, 122, 100 S.Ct. 352, 359, 62 L.Ed.2d 259 (1979). As in *Kubrick*, the only thing really unknown to the plaintiff was the name of the drug which had been administered and perhaps his legal rights. The Court concludes that his claims against the defendants are therefore barred as being untimely.

■ Second, even assuming that this action is timely, the plaintiff's claim against the United States is barred under the holding in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) that a serviceman cannot recover for injuries incident to military service. Plaintiff argues that Counts V and VI of his complaint allege injuries which occurred after his discharge; this Court cannot agree. Throughout his complaint he makes clear that the injury he suffered was the result of the experiments at Edgewood Arsenal and that he *continues* to suffer physical and psychological problems and that his vision *remains* blurred. Plaintiff's reliance on *Thornwell v. United States*, 471 F.Supp. 344 (D.D.C.1979) is misplaced because in that case the court found that there were two separate and distinct torts, one intentional and one negligent, the second occurring in its entirety *after* Thornwell had attained civilian status. 471 F.Supp. at 351. Here, as in *Lombard v. United States*, 223 U.S.App.D.C. 102, 690 F.2d 215 (1982), *cert. denied* — U.S. —, 103 S.Ct. 3086, 77 L.Ed.2d 1347 (1983), there was one continuous tort. Finally, the Court notes that this case is distinguishable from *United States v. Brown*, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954). In that case the plaintiff had suffered a knee injury while on active duty. Subsequent to his discharge, the Veterans Administration performed surgery on the same knee and at that time, due to negligence, the knee was seriously and permanently injured.

The Court held that the veteran's claim was not barred by the *Feres* doctrine. In *Brown* the Court was faced with a separate and distinct tort which occurred after discharge from service. Those are not the facts here.

The Court concludes for the reasons briefly discussed above that the plaintiff's action is untimely as to all defendants and that his action against the United States is barred by *Feres*. The Court also finds that his action against the individual defendants is also barred. *See Chappell v. Wallace,* — U.S. ——, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Lombard v. United States, supra.*

While the defendants have raised other issues in their motion, those issues need not be addressed in view of ruling on the statute of limitations and the *Feres* doctrine.

An appropriate order shall issue.