**Steven Robert MAW, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 83–1941.**

United States Court of Appeals, First Circuit.

Argued April 2, 1984.

Decided May 3, 1984.

William A. Brown, Boston, Mass., with whom Brown & Prince, Boston, Mass., was on brief, for appellant.

Joan I. Milstein, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and HUNTER,* Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

Appellant Steven Robert Maw brought this action against the United States under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 2671–2680, following his arrest by civilian police pursuant to an AWOL Apprehension Warrant and his incarceration by the United States Army at Fort Devens, Massachusetts, and Fort Dix, New Jersey. Maw contends that the warrant, his arrest, and his imprisonment were all mistakes, flowing from the negligence of a Captain Staiti, a member of the Third Judge Advocate General's Detachment, Department of the Army.

It appears that in December 1978 Maw received written orders directing him to report to active duty. Believing these to be in error, Maw contacted his superior officer who in turn directed him to Staiti. According to Maw, Staiti represented "that he would attend to his problem by contacting the appropriate people in First Army Unit and see that the orders were rescinded." Instead, Staiti allegedly forgot about the matter. Although Maw received no order countermanding those previously received, he did not report to duty. In failing to report Maw says he was "[a]cting in good faith reliance on Captain Staiti's assurances and advice."

As an initial matter, we note that Maw claims that he was falsely arrested and imprisoned as a result of Staiti's negligence. Section 2680 of the FTCA, as codified, states,

The provisions of this chapter and section 1346(b) of this title [governing jurisdiction] shall not apply to—

(h) Any claim arising out of ... false imprisonment [or] false arrest....

The sole exception to this exclusion is "with regard to acts or omissions of investigative or law enforcement officers of the United States government." *Id.* Nothing in Maw's pleadings or brief suggests that Staiti was within this narrow category of officers. As for the officials who placed Maw into custody, all he claims is that they acted pursuant to a facially valid AWOL Apprehension Warrant. *Cf. Drunkenmiller v. United States*, 548 F.Supp. 193, 195 (E.D.Pa.1982) (applying Pennsylvania rule barring liability for execution of "judicially authorized, facially valid arrest warrant").

The district court did not, however, reach this issue, nor do we. The district court ruled that its jurisdiction was barred "by the precedent of *Feres v. United States*, 340 U.S. 135 [71 S.Ct. 153, 95 L.Ed. 152] (1950) and *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362 [76 L.Ed.2d 586] (1983)." We agree that this case is within the *Feres* doctrine.

In *Feres* the Supreme Court held,

[T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.

340 U.S. at 146, 71 S.Ct. at 159.

There can be no dispute that Maw's alleged injury occurred incident to his military service. All of the events he complains of—from the issuance of the activation orders to his arrest—flowed out of that aspect of his life. While he was, perhaps, not on active duty at all relevant times, he cannot assert that he was "under compulsion of no orders or duty and on no military mission." *Feres*, 340 U.S. at 146, 71 S.Ct. at 159 (distinguishing *Brooks v.*

* Of the Western District of Missouri, sitting by designation.

*United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949)). Nor can he assert that he was not "subject to military discipline." *United States v. Brown,* 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954) (*Feres* applies where injury occurred while plaintiff "on active duty or subject to military discipline").

There is a clear nexus here between the claimed injury and military discipline: *But see Torres v. United States,* 621 F.2d 30, 32 (1st Cir.1980) (*Feres* applies even absent "a clear nexus"); *Hall v. United States,* 451 F.2d 353, 354 (1st Cir.1971) ("no nexus" required). Maw's charges against Staiti, moreover, are inseparable from the "peculiar and special relationship of the soldier and his superiors" which, in part, led to the *Feres* doctrine. *Brown,* 348 U.S. at 112, 75 S.Ct. at 143. Whether Maw was entitled to rely upon certain purported advice, the extent of Staiti's duty to Maw, and related issues, are all tied into their various military roles.

Maw asserts that *Feres* should be limited in this case because without the FTCA he will be without a remedy. *Feres,* he claims, declared the "primary purpose of the FTCA" to be "to extend a remedy to those who had been without. . . ." 340 U.S. at 140, 71 S.Ct. at 156. Its limitation in the military context, he argues, importantly rests upon other "enactments by Congress which provide systems of simple, certain and uniform compensation," namely, through the Veterans Administration, which do not apply here. 340 U.S. at 144, 71 S.Ct. at 158. This argument overstates the weight attributed to this factor in the Court's analysis. The Court explained that the "Act . . . should be construed to fit, *so far as will comport with its words,* into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole." 340 U.S. at 139, 71 S.Ct. at 156 (emphasis supplied). It did not read these words, however, to create a substantive remedy for every conceivable wrong. The FTCA, it stated, subjects the United States to liability "in the same manner and to the same extent as a private citizen under like circumstances. . . ." 28 U.S.C. § 2674.

[T]his is not the creation of new causes of action but acceptance of liability under circumstances that would bring private liability into existence. . . . One obvious shortcoming in these claims is that plaintiffs can point to no liability of a "private individual" even remotely analogous to that which they are asserting against the United States. We know of no American law which ever has permitted a soldier to recover for negligence, against either his superior officers or the Government he is serving. Nor is there any liability "under like circumstances," for no private individual has power to conscript or mobilize a private army with such authorities over persons as the Government vests in echelons of command. . . . . We find no parallel liability before, and we think no new one has been created by this Act. Its effect is to waive immunity from recognized causes of action and was not to visit the Government with novel and unprecedented liabilities.

340 U.S. at 141–142, 71 S.Ct. at 157 (footnote omitted). This reasoning sweeps broadly enough to reach not only the negligence and malpractice claims in *Feres,* but also Maw's action here, however characterized.

*The judgment of the district court is affirmed.*