**Robert BRUENIG, on Behalf of Thomas BRUENIG, Steve Neal, William B. Brees on behalf of Robert Brees, Corrine Davis on behalf of Willie Davis, Jr., Manuel Gutierrez on behalf of Ernest Gutierrez, Lawrence J. Hassel on behalf of Gregory Hassel, Janice M. Madden on behalf of Roger Larson, Jose Sandoval on behalf of Orlando Sandoval, Mark C. Bedwell, Michael Cummings, George S. Dye, Steven D. Haishuk, Craig X. Jackson, Jon L. Jurgen, Billy J. Lennon, Craig Patane, Daryl K. Perry, Glen L. Roberts, Roosevelt Ross, Billy Stover, Robert L. Turner, and Isaac Williams, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 83–2520.

United States Court of Appeals,
Eighth Circuit.

Submitted March 7, 1984.

Decided May 29, 1984.

John A. Cochrane, Coweta, Okl., for appellants.

James M. Rosenbaum, U.S. Atty., Robert M. Small, Asst. U.S. Atty., Dist.Minn., Minneapolis, Minn., Vickie R. Sheets, Legal Intern, for appellee.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from an order granting defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiffs seek recovery under the Federal Tort Claims Act (the Act), 28 U.S.C. §§ 1346(b) and 2671–2680, for personal injuries to servicemen and for the wrongful deaths of servicemen resulting from a fire at Camp Fuji, Japan, an American military base. The District Court found that subject matter jurisdiction did not exist under the Act because the injuries occurred while the ser-

vicemen were on active duty, and thus recovery is barred under *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). We agree with the District Court that the *Feres* doctrine precludes recovery under the Act.

In *Feres*, plaintiff's decedent perished by a fire in the barracks at Pine Camp, New York, while on active duty in the service of the United States. Negligence was alleged in quartering the decedent in barracks unsafe because of a defective heating plant. The Supreme Court held that in these circumstances the injury was "incident to military service" and, therefore, that no action could be brought under the Act. The Court noted, *inter alia*, that historically members of the Armed Forces have been denied recovery for injuries incident to service, and that Congress has provided a statutory scheme of no-fault compensation for injuries sustained in the line of duty. Subsequent cases applying the *Feres* doctrine have emphasized that to allow members of the Armed Forces to maintain tort actions against the United States for service-connected injuries would be prejudicial to military discipline. *See, e.g., United States v. Brown*, 348 U.S. 110, 112, 75 S.Ct. 141, 143, 99 L.Ed. 139 (1954); *Chambers v. United States*, 357 F.2d 224, 228 (8th Cir. 1966).

The material facts on which the District Court based its decision are not disputed. On October 19, 1979, a typhoon approached mainland Japan, moving westerly across the Pacific Ocean. The military command of the United States Marine Corps at Camp Fuji, located on the eastern slope of Mt. Fuji, was alerted and prepared for the typhoon according to normal procedures. As the storm intensified, the camp commander released all troops from normal duty and directed them to seek shelter in quonset huts used for barracks.

Farther up the mountainside from the huts, the government had built a fuel storage area consisting of three fuel containers designed to hold 15,000 gallons of fuel. Each container was surrounded by an earthen wall and there was a wall around the entire area. Although drainage had been provided for the fuel storage area, flood waters generated by the typhoon overwhelmed the drainage system, causing the earthen walls to collapse. The surging water and debris ruptured the fuel containers. Escaping fuel floated on water rushing down the hill and into an area where Marines had taken refuge in the quonset huts. The fuel ignited, and burned fourteen huts. Those in the huts were unable to get out quickly, because doors and windows had been nailed shut to secure the huts from the storm. Thirteen Marines died and sixty-nine were injured.

On appeal, plaintiffs contend that the Marines' activity of pursuing shelter from the storm was not "incident to military service" and that the *Feres* doctrine thus does not bar their action.

Having studied the record carefully, including the briefs of both parties and the memorandum opinion of the District Court,[1] we find no merit in the plaintiffs' arguments. The *Feres* doctrine clearly encompasses the facts of this case. A recent decision of this Court, *Miller v. United States*, 643 F.2d 481 (8th Cir.1981) (*en banc*, vacating panel opinion), illustrates the scope of *Feres*. In that case, a serviceman, Private Miller, had been given permission by his military superiors to work at a part-time construction job, located on the base, during off-duty hours. Miller was killed when scaffolding he was erecting for this job came in contact with an electric line which the government had negligently failed to de-energize. Plaintiffs were denied recovery under the Act for his death. The Court construed "incident to military service" to apply to any activities performed while subject to call for active duty and when the peculiar and special relationship between a soldier and his military superiors has not been severed formally by furlough, leave, or pass. *Id.* at 494. As the District Court noted, in the present case plaintiffs offered no evidence that the

---

1. The Honorable Diana E. Murphy, United States District Judge, District of Minnesota.

**308**

Marines were not in active duty status when the accident occurred or that they were not subject at all times to "immediate recall for military duty." *Id.* at 494. Accordingly, we affirm pursuant to Rule 14 of the Rules of this Court on the basis of Judge Murphy's opinion, *Bruenig v. United States*, Civ. No. 4–83–290 (D.Minn. Oct. 7, 1983).

The judgment of the District Court is affirmed.

