972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Drew A. MARKELL and Kelly D. Markell, Plaintiffs-Appellants,
v.
UNITED STATES of America, Department of the Army, Defendant-Appellee.
 No. 92-1103.
 United States Court of Appeals, Federal Circuit.
 June 15, 1992.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The Markells sued the United States Army for breach of an enlistment agreement. The United States District Court for the District of Alaska dismissed the suit. Because the enlistment agreement provides no monetary remedy, this court affirms.
 
 BACKGROUND
 
 2
 The United States Army's Delayed Entry Program allows individuals to enlist up to a year before reporting for active duty. On February 27, 1989, Mr. Drew Markell enlisted under this program and entered the Army Reserve. Under his enlistment agreement, Mr. Markell was to report for active duty on December 28, 1989. The enlistment agreement "assured [Mr. Markell] of attending the school course for ... Medical Specialist [training]." The agreement also stated:
 
 
 3
 In the event through no fault of my own that my enlistment option, school course, or training of my choice is cancelled or otherwise not available before I enlist into the regular Army, I will elect one of the following alternatives:
 
 
 4
 (a) I will elect another option, school course or training of my choice for which I am qualified and a vacancy exists.
 
 
 5
 (b) I will be separated from the Delayed Entry Program.
 
 
 6
 The enlistment agreement required Mr. Markell to finish high school before beginning Medical Specialist training.
 
 
 7
 After graduating from high school in California, Mr. Markell reported for duty in Anchorage, Alaska. Mr. Markell reported for duty in Alaska to allow Mrs. Markell to live with her parents in Anchorage during Mr. Markell's training.
 
 
 8
 When he reported for duty in Anchorage on December 28, 1989, the Army refused to enlist Mr. Markell for Medical Specialist training because it had not received any record of Mr. Markell's completion of high school. The Los Angeles recruiting office had not transferred Mr. Markell's graduation records to Anchorage.
 
 
 9
 The Army offered Mr. Markell alternative training. Mr. Markell refused and separated from the Delayed Entry Program. On March 26, 1990, Mr. Markell again enlisted for Medical Specialist training. Mr. Markell ultimately chose not to enter active duty.
 
 
 10
 On July 31, 1990, the Markells filed this action. The Markells complained that the Army's alleged breach of the enlistment agreement cost them, among other things, lost wages and moving expenses. The Markells also complained that the Army's negligent handling of paperwork caused them the same damages. The Markells based jurisdiction for their contract action on the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1988), and for their negligence action on the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1988). The district court dismissed the Markells' claims.
 
 DISCUSSION
 
 11
 This appeal involves two issues. The first issue is whether an enlistee may sue the Army for negligence in handling paperwork. The second issue is whether an enlistee may sue the Army for money damages for breach of an enlistment contract.
 
 
 12
 Concerning tort actions against the military, the Supreme Court stated:
 
 
 13
 [T]he Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.
 
 
 14
 Feres v. United States, 340 U.S. 135, 146 (1950). The Court explained that tort actions against the military would disrupt "the peculiar and special relationship of the soldier to his superiors," would undermine discipline, and would produce "extreme results." United States v. Shearer, 473 U.S. 52, 57 (1985) (quoting United States v. Muniz, 374 U.S. 150, 162 (1963) (quoting United States v. Brown, 348 U.S. 110, 112 (1954))).
 
 
 15
 The Markells seek damages for the Army's refusal to place Mr. Markell in a particular Army training program. This action arises "out of ... activity incident to [military] service." Feres, 340 U.S. at 146. Moreover, the Markells seek reliance damages, namely loss of employment and moving expenses. Because the Markells incurred these damages to facilitate Mr. Markell's anticipated entry into active duty, these damages also arose out of an activity incident to service. Thus, the Markells' claims fall within the terms of the Feres bar to suit.
 
 
 16
 The Markells' claims would also excessively involve the judiciary in military affairs. See Shearer 473 U.S. at 58-59. To resolve the Markells' tort claim, the civilian judiciary would necessarily inquire into the propriety of military conduct. Id. at 58. In the absence of explicit statutory authorization for judicial inquiry into military affairs, this court must presume that Congress has reserved to itself the "regulation of the land and naval forces." U.S. Const. art I, § 8, cl. 14; see also United States v. Stanley, 483 U.S. 669, 679 (1987). Thus, the district court properly dismissed the Markells' negligence claims.
 
 
 17
 The second issue in this case involves the propriety of a suit for monetary damages based on an enlistment contract. The Little Tucker Act creates no independent cause of action against the United States for money damages. See United States v. Testan, 424 U.S. 392, 398 (1976); United States v. Mitchell, 463 U.S. 206, 216-17 (1983). Thus, to avoid a sovereign immunity bar, a plaintiff suing under the Little Tucker Act must show a statutory, regulatory, or contractual provision mandating payment of money damages for a breach. Id.
 
 
 18
 The Markells have shown no independent source for money damages in the enlistment agreement, in Army regulations, or in a statute. Rather, Mr. Markell's enlistment agreement provided two remedies: elect another training option or separate from the Delayed Entry Program. Mr. Markell availed himself of these remedies. Without a remedy for money damages, however, Mr. Markell has no compensable claim under the Little Tucker Act. This result is consistent with Jablon v. United States, 657 F.2d 1064 (9th Cir.1981) ("money damages are not an available remedy for the government's breach of an enlistment contract.")
 
 CONCLUSION
 
 19
 The Feres doctrine precludes the Markells' negligence claims. The absence of a money remedy precludes the Markells' contract claims. Therefore this court affirms.