The petition of Artis is denied, the petition of Norfolk and Western Railway is granted, and the order of the Board is reversed and the case remanded by published opinion. Judge WIDENER wrote the majority opinion, in which Judge THORNBURG joined. Judge MICHAEL wrote a dissenting opinion.
OPINION
WIDENER, Circuit Judge:
The claimant, Zeb Artis, Jr., worked as a brakeman at the Norfolk & Western Railway Company’s Barney Yard at Lambert’s Point terminal in Norfolk, Virginia. He assisted in moving loaded and empty *143 railcars within the terminal in effectuating the transloading of coal from railcars to ocean-going vessels. The job required him to uncouple cars and to use a pinch bar to move the cars. On April 25, 1984, Artis injured his back while moving a railcar. Artis reinjured his back while throwing a rail switch on May 6, 1984 and has not returned to his previous work since that date.
Following his injuries, Artis filed an action in the Circuit Court of the City of Norfolk under the Federal Employers’ Liability Act (FELA), 45 U.S.C. §§ 51-60, against the railroad. The parties settled that claim for $150,000 in January 1985, and the state court entered an order that the case was “dismissed agreed” on February 5, 1985.[1]
On April 23, 1991, Artis filed a claim for the same injuries under the Longshore and Harbor Workers’ Compensation Act (LHWCA), 33 U.S.C. §§ 901-52 (1986). A formal hearing was held before an administrative law judge in October and November of 1993. The administrative law judge held that Artis was within the jurisdiction of LHWCA and implicitly found that the FELA settlement previously entered between the parties was not a jurisdictional bar. The judge also concluded that Artis was entitled to temporary total disability benefits irom May 7, 1984 through December 27, 1984 and permanent partial disability benefits from December 28, 1984 and continuing. Finally, the ALJ granted the railroad a credit against the LHWCA benefits award for the $150,000 settlement pursuant to 33 U.S.C. § 903(e).
Artis filed a timely appeal with the Benefits Review Board on the finding of permanent partial disability and the grant of the credit. The railroad cross-appealed asserting that the LHWCA claim was barred by the prior settlement of the FELA claim. The Benefits Review Board did not render a formal decision. Rather, Public Law 104-134 affirmed the decision of the administrative law judge on September 12, 1996.[2]
Artis filed a petition for review on November 8, 1996 pursuant to 33 U.S.C. § 912(c), and N & W filed its cross-petition for review. On account of the doctrine of election of remedies, we reverse.
The doctrine of election of remedies “refers to situations where an individual pursues remedies that are legally or factually inconsistent.” Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 681 (4th Cir.1994) (quoting Alexander v. Gardner-Denver Co., 415 U.S. 36, 49, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)). It has been considered in determining whether rights in one statute may be pursued cumulatively with those rights granted in another statute. See United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139 (1954); Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) (discussing situations when claims under different federal statutes are exclusive or cumulative); 18 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Procedure & Practice § 4476 (1981). “The clearest remedial dimension of election doctrine is found in decisions that simply, seek to prevent double recovery for a single injury.” 18 Wright & Miller, Federal Practice & Procedure § 4476, at 775 (1981).
Under FELA, a worker must demonstrate that he is an employee of a com *144 mon carrier by railroad to fall within the statute. 45 U.S.C. § 51. In contrast, a land-based worker to prove that he is within the statute, must be engaged in activity which is “integral or essential to the loading process” to recover under LHWCA. Etheridge v. Norfolk & Western Ry. Co., 9 F.3d 1087, 1090 (4th Cir.1993).
The law is that if a claimant is a maritime worker, then his exclusive remedy is under LHWCA. Chesapeake & Ohio Ry. Co. v. Schwalb, 493 U.S. 40, 42, 110 S.Ct. 381, 107 L.Ed.2d 278 (1989); Caldwell v. Ogden Sea Transport Inc., 618 F.2d 1037, 1049 (4th Cir.1980). Conversely, if a worker is not a maritime worker, then his remedy must be provided by another statute or the common law. Accordingly, at the time of filing a lawsuit, the claimant must decide whether he is a maritime worker and thus eligible for a remedy under LHWCA or whether he must find another cause of action. In the present case, Artis correctly determined that at the time of his FELA lawsuit he could not claim that he was a maritime worker. At the time Artis’s FELA case was filed and disposed of in the Circuit Court in Norfolk, Conti v. Norfolk & Western Ry. Co., 566 F.2d 890 (4th Cir.1977), held that brakemen at the Lambert’s Point yard were not maritime workers and were not covered by LHWCA. Thus, Artis, being a brakeman at the Lambert’s Point yard, filed suit under FELA and recovered a settlement of $150,000.
Subsequent to Artis’s settlement of his FELA suit, the law of this circuit changed. We held in Etheridge v. Norfolk & Western Ry. Co., 9 F.3d 1087, 1090 (4th Cir.1993), that the Supreme Court decision in Chesapeake & Ohio Ry. Co. v. Schwalb, 493 U.S. 40, 110 S.Ct. 381, 107 L.Ed.2d 278 (1989), had changed the law set out in Conti; that brakemen at Lambert’s Point yard were acting in a fashion that was integral or essential to the loading or unloading of a vessel; and thus were covered by LHWCA. Artis, in 1991,[3] had asserted his claim against the railroad under LHWCA. Because of his recovery under the FELA claim, the defense argued, Artis might not now advance an LHWCA claim. To permit an LHWCA claim subsequent to an FELA recovery, the argument went, would ignore the LHWCA provision providing that it is the exclusive remedy against employers for injuries suffered by maritime workers. 33 U.S.C. § 905(a) (1986); Schwalb, 493 U.S. at 42, 110 S.Ct. 381. The two claims were legally inconsistent, the defense concluded, because LHWCA is not a cumulative remedy.
This court has never held that a worker may pursue an LHWCA remedy after obtaining a remedy under FELA. It has approved an FELA remedy after a worker received LHWCA benefits for reasons that are distinguishable. In Freeman v. Norfolk & Western Ry. Co., 596 F.2d 1205 (4th Cir.1979), we held in a case in which FELA provided a cause of action, that an employee could pursue an FELA claim notwithstanding previous receipt of LHWCA benefits. See also Caldwell, 618 F.2d 1037, 1048-50 (4th Cir.1980) (following Freeman). The decision in Freeman was based on the rationale that workers’ compensation statutes, including LHWCA, are designed to provide “quick certain relief for work related injuries.” Freeman, 596 F.2d at 1208. (italics in original.) Thus, we considered that the LHWCA payments would be creditable against an FELA award and that receiving compensation under such a statute would not be a meaningful election of remedy. Freeman, 596 F.2d at 1208. This case presents a different situation because Artis’s FELA action preceded his action under the LHWCA. We do not view Artis’s LHWCA claim as receipt of quick, certain relief for work related injuries when he has previously recovered, some five or six years previously, under FELA, for the same injury. Because Artis has fully recovered damages for his injury under *145 FELA, the compensatory purpose of LHWCA is not harmed by denying Artis’s LHWCA suit.[4]
The next point we consider is whether or not N & W would be entitled to a credit for the FELA settlement under 33 U.S.C. § 914(j). That section provides that:
If an employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid installment or installments of compensation due.
The argument is that the FELA settlement and judgment was an advance payment of compensation and that since the railroad would be entitled to be reimbursed out of any unpaid installment of compensation under the LHWCA, the suit under the LHWCA should be allowed to proceed. A principal difficulty with the argument is that the payment of $150,000 to Artis under the FELA was not an advance payment of compensation.[5] It was complete satisfaction for an injury, paid following litigation, and should not be equated with the advance payments an employer would make to his employee as “quick, certain relief for work related injuries.” Freeman, 596 F.2d at 1208. As previously noted, note 1, supra, Artis signed, a complete release of all claims at issue here.[6] Not only that, at the time Artis pursued his FELA remedy against the railroad, that was entirely in accord with precedent in this circuit. Conti v. Norfolk & Western Ry., 566 F.2d 890 (4th Cir.1977). Indeed, under Conti, Artis had no cause of action under the LHWCA. The final order in Artis’s FELA case against Norfolk & Western was entered February 5, 1985, and the liability of the railway was fixed by court order at that time. Later, on November 28, 1989, the Supreme Court decided Chesapeake & Ohio Ry. Co. v. Schwalb, 493 U.S. 40, 110 S.Ct. 381, 107 L.Ed.2d 278 (1989), in which the Court decided that an employee in Artis’s shoes at the Norfolk & Western installation in Norfolk was subject to the LHWCA rather than the FELA and that “resort may not be had to the Federal Employer’s Liability Act.”
Schtualb, 493 U.S. at 42, 110 S.Ct. 381. On that account only was Artis able to prosecute his present claim under the LHWCA. In these circumstances, we are of opinion that the payments made to Artis in his FELA case were not intended to be and in fact were not advance payments of compensation and that, therefore, the railroad would not be entitled to be reimbursed for those payments under the LHWCA, 33 U.S.C. § 914(j).
We also note that no credit is allowable to the railroad for the FELA settlement under the provisions of 33 U.S.C. § 903(e) of the LHWCA. That section provides in pertinent part that “any amounts paid to an employee for the same injury ... for which benefits are claimed under this chapter pursuant to any other workers’ compensation law ... shall be credited against any liability imposed by” the LHWCA. In Consolidated Rail Corp. v. Gottshall, 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994), the Court held that FELA is not a workers’ compensation statute. It stated:
That FELA is to be liberally construed, however, does not mean that it is a workers’ compensation statute. We have insisted that FELA does not make *146 the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. (internal quotations omitted).
The FELA settlement not being paid under a workers’ compensation law, that payment should not be credited under § 903(e).
While the cases and the text cited state that the doctrine of election of remedies is not favored, in this case we are of opinion to apply it. Because the injury in question is the same and the claims arise from the same facts; because recovery under the FELA and LHWCA rest on different substantive theories, the first on negligence, the second on a workers’ compensation statute based on liability without fault; because Artis proceeded entirely consistent with circuit precedent under the FELA to sue the railway and collected $150,000 in the settlement; because the later Schwalb decision was entirely fortuitous; and because, in this case, permitting first, a suit for complete recovery under the FELA, and second, a claim under the LHWCA, would permit a double recovery for the same injuries; we are of opinion that Artis elected his remedy when he prosecuted his FELA suit to judgment and that the doctrine of election of remedies would bar his LHWCA claim.
The petition for review of Artis is denied; the cross-petition of the railway is granted; the order of the Benefits Review Board from which review is sought is reversed; and the case is remanded to that Board for entry of an order consistent with this opinion.

REVERSED AND REMANDED

. Artis at that time executed a release releasing the N & W from "loss of any kind resulting or in any way arising from an accident(s) which occurred at or near Norfolk, Virginia on or about” the April and May 1984 dates involved here. The release provided that he was prevented "from making any further claims against [the railway] in connection with said accidents).”
In Virginia "dismissed agreed” means that “the plaintiff forever loses his action.” Hoover v. Mitchell, 66 Va. 387, 25 Gratt. (66 Va.) 387, 391 (1874).

. Public Law 104-134 affirmed all appeals before the Benefits Review Board that were more than one year old

. The claim is also referred to as a 1992 case, the difference in dates being inconsequential.

. Freeman has not been followed in this circuit since Schwalb. Whether it remains fully authoritative, however, is a question not before us and upon which we express no opinion.

. We agree with Shell Offshore Inc. v. Director, Office of Worker's Comp. Programs, 122 F.3d 312, 317-318 (5th Cir.1997), cert. den’d, 523 U.S. 1095, 118 S.Ct. 1563, 140 L.Ed.2d 794 (1998), that payments under § 914(j) are not available to be credited to the employer unless they are "intended to be advance payments of compensation” which the FELA payment in this case patently was not.

. While the railroad does not claim the release is a bar to the LHWCA action, it nevertheless is worthy of mention.