# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2750

_____

Allen Payne; Debra Payne,    *
                             *
            Appellants,      *
                             *   Appeal from the United States
      v.                     *   District Court for the Western
                             *   District of Missouri.
United States of America,    *
                             *   [UNPUBLISHED]
            Appellee.        *

_____

Submitted:  March 7, 2003
    Filed:  March 18, 2003

_____

Before HANSEN, Chief Judge, MELLOY and SMITH, Circuit Judges.

_____

PER CURIAM.

Husband and wife Allen and Debra Payne appeal the district court's dismissal of their suit against the United States to recover disability benefits and tort damages from the Department of Veterans Affairs (VA). The Paynes' form complaint and attachments present the allegations that Allen was exposed to Agent Orange while on active duty in Vietnam; in 1989 a VA physician examined a rash that Allen had developed and recommended only that Allen clean it with soap; in 1991 the VA ruled that Allen's skin condition was not connected to his military service; in 1998 a private physician and another VA physician diagnosed Allen's skin condition as anetoderma; and in January 1999 and March 2000 the Paynes filed administrative

claims with the VA alleging that it had negligently failed to diagnose and treat Allen's anetoderma, which claims the VA rejected as untimely in May 2001.

On the government's motion, the district court dismissed the Paynes' suit, ruling that it lacked subject matter jurisdiction to review the denial of VA disability benefits; that the Paynes' tort claims were barred by the Federal Tort Claims Act's (FTCA's) two-year statute of limitations, see 28 U.S.C. § 2401(b) (plaintiffs must file claim with federal agency within 2 years of accrual of tort claim); and that the tort claims were further barred by the Feres doctrine, see Feres v. United States, 340 U.S. 135, 146 (1950) (FTCA does not waive government's sovereign immunity from actions brought by military personnel which arise out of or in the course of activities incident to military service).

We review de novo the dismissal of the Paynes' complaint for lack of subject matter jurisdiction, see Bueford v. Resolution Trust Corp., 991 F.2d 481, 484 (8th Cir. 1993), but review for clear error any findings of fact regarding subject matter jurisdiction, see Appley Bros. v. United States, 164 F.3d 1164, 1170 (8th Cir. 1999). To the extent the Paynes challenge the VA's denial of disability benefits, we agree that the district court lacked subject matter jurisdiction. See Hicks v. Veterans Admin., 961 F.2d 1367, 1369-70 (8th Cir. 1992) (district court has no jurisdiction over challenge to VA's decision affecting benefits; such decisions can be reviewed only in exclusive appellate review scheme established by Veterans Judicial Review Act of 1988).

However, the district court erred in dismissing the Paynes' medical-malpractice claims. The Paynes' malpractice claims are not time-barred if, despite exercising reasonable diligence, Allen did not discover the probable cause of his injury until August 1998 when he was diagnosed by a private physician. See United States v. Kubrick, 444 U.S. 111, 122-24 (1979) (FTCA claim for medical malpractice accrues when plaintiff becomes aware of injury and its probable cause; plaintiff must exercise

reasonable diligence in discovering injury and its probable cause); Osborn v. United States, 918 F.2d 724, 732-34 (8th Cir. 1990) (FTCA action for malpractice accrued for statute of limitations purposes when plaintiff learned from physicians that prior medical treatment could have caused injury). The existing record does not establish whether Allen exercised reasonable diligence in discovering the probable cause of his injury, and this issue remains open on remand. In addition, because the VA's allegedly negligent failure to diagnose and treat Allen's anetoderma occurred well after he was discharged from active military service, his malpractice claim regarding the VA doctors' 1989-1990 diagnosis and treatment of his injury--unlike his claim that he was injured by exposure to Agent Orange while on active duty in Vietnam from 1967-1970--is not barred by Feres. See United States v. Brown, 348 U.S. 110, 110-12 (1954) (VA hospital's negligence during operation on knee of discharged veteran, which was injured during active military service, was not incident to military service and thus not barred by Feres).

Accordingly, we affirm the dismissal of the Paynes' challenge to the VA's denial of their disability benefits, reverse the dismissal of their malpractice claims, and remand for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-