NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2105
_____

SCOTT DIDONATO,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 10-cv-05760)
Honorable Mary A. McLaughlin, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 6, 2011

BEFORE:  McKEE, Chief Judge, and FUENTES and GREENBERG, Circuit Judges

(Filed: October 20,  2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on plaintiff-appellant Scott DiDonato's

appeal from a District Court order dated March 31, 2011, entered on April 1, 2011,

granting defendant-appellee United States' motion to dismiss his case that he brought

against the United States under the Federal Tort Claims Act ("FTCA"). The Court granted the motion in accordance with its memorandum opinion dated March 31, 2011, in which it accepted, as we do on this appeal, the allegations of facts that DiDonato made in his complaint as true. See Fowler v. UPMC Shadyside, 578 F.3d 203, 205-06 (3d Cir. 2009) ("The relevant facts underlying this appeal are not complicated and we take them directly from [plaintiff's] complaint."). In making our review we cannot affirm unless we conclude that the complaint contains sufficient factual matter which, if true, states a claim that is plausible on its face. See Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Thus, if as a matter of law the complaint does not set forth a basis for the imposition of liability on the United States it does not contain such matter. We exercise plenary review on this appeal. See id. at 826.

The case is unusual in that DiDonato asserts that certain individuals who were members of or employed by the armed forces were guilty of what he regards as legal malpractice in incorrectly advising him of the procedure that he was required to follow in order to clear his record following his discharge from the United States Marines so that he could reenlist. He also asserts that they committed malpractice in giving him advice inasmuch as they had conflicts of interest when they did so because of their government employment. The District Court held that 28 U.S.C. § 2401(b), which requires that FTCA claims be made to the appropriate federal agency within two years of their accrual, barred this action. DiDonato acknowledges that the negligence and malpractice of which he complains was committed not later than in 2004 and that he did not file his claim until December 8, 2008. He seeks to circumvent the bar of the two-year claim period by

2

contending that the discovery rule which sometimes extends a limitations period renders his claim timely as it was not until a time within a period ending two years before December 8, 2008, that he had "any inkling that the advice" given him was faulty or the persons giving him the advice had "an inherent conflict of interest" because of their federal employment. Appellant's br at 11. The Court rejected DiDonato's argument because it held that he had sufficient notice of the facts supporting his potential claims so that his cause of action accrued not later than the summer of 2004.

Significantly, the government, in addition to challenging the timeliness of DiDonato's prosecution of his case, contended in the District Court and contends here that the intra-military immunity doctrine traced to Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159 (1950), bars this action as well. Under Feres "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Id., 71 S.Ct. at 159. The District Court, though stating the government presented a "strong argument" under Feres, did "not definitively" determine its applicability. DiDonato v. United States, No. 10-5760, at 15-16 (E.D. Pa. Mar. 31, 2011).

After our review of this matter we are in full accord with the District Court's conclusion that this action is time-barred and thus we will affirm. We add, however, that we also think that Feres bars this action. Though it is true that DiDonato had been discharged before the events constituting the alleged negligence and malpractice involved here took place, clearly this action implicates the direct management of the military, see United States v. Shearer, 473 U.S. 52, 57-58, 105 S.Ct. 3039, 3042-43 (1985), and thus

3

this case is the type of matter in which the courts should not interfere. Contrary to what DiDonato seems to believe, the mere fact that he brought this action after his discharge for events that occurred after his discharge does not mean that the Feres concerns are inapplicable in this case. Accordingly, this case differs from ordinary automobile and medical malpractice actions in which a court appropriately might impose liability on the government without acting inconsistently with Feres. Compare Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918 (1949); United States v. Brown, 348 U.S. 110, 75 S.Ct. 141 (1954). Indeed, we think that, as the District Court recognized, the individual government employees involved in this case gave the type of advice to DiDonato that employers' human resources personnel ordinarily give their employees. We do not doubt that armed forces personnel give advice of the nature involved here regularly and we do not think that their conduct in doing so should be subjected to judicial review. The courts cannot micro-manage the armed forces.

The order of dismissal entered on April 1, 2011, will be affirmed.