In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-3079

JOHN LEE FUTRELL,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:14-cv-02089 — **Tanya Walton Pratt**, *Judge.*

ARGUED APRIL 7, 2017 — DECIDED JUNE 8, 2017

Before POSNER, RIPPLE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge*. The plaintiff began a military career in 1983, serving variously in the Indiana National Guard, the United States Army, and finally the United States Army Reserve, from which he retired, ending his military career, in 2014, by which time he had reached the rank of Captain and served in combat in Iraq. Between July 2007 and October 2011 he had sustained several injuries and, more ominously, had been diagnosed with Type 2 (adult-onset)

diabetes. His blood-glucose levels had risen so high as to sow doubt about his ability to continue performing his military duties. And sure enough in October he was released from active duty and placed on reserve status while a Physical Evaluation Board evaluated his fitness for continued military service.

When finally retired from the army on grounds of physical disability in November 2014, Futrell became eligible to receive a monthly pension from the government. And had his medical paperwork gone through he would have received in addition incapacitation payments to cover the gap between his release from duty and his retirement. But as a result of some mix-up he received no money from the government between December 2011 and January 2013, a deprivation that he claims without contradiction inflicted severe financial and emotional distress on him. In the following month the government did pay him a lump sum that covered the incapacitation payments that he should have received, but the government failed (he claims, again without contradiction) to compensate him for the distress he'd experienced when because of the government's confusion or incompetence he had received no salary.

Having thus incurred damages as a result of the government's negligence in failing to pay him his salary for more than a year, he filed this suit against the United States under the Federal Tort Claims Act, which makes the government subject to tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. (Actually, the claim might better have been interpreted as a contract claim governed by the Tucker Act,

28 U.S.C. § 1346(a)(2), but as neither side has briefed the issue we'll not address it.)

Coming to the heart of the case before us, we note that the district court dismissed Futrell's suit as barred by *Feres v. United States*, 340 U.S. 135 (1950), where in Justice Robert Jackson's majority opinion, which despite its age has not been overruled, superseded, recast, or ignored, the Court ruled the Federal Tort Claims Act unavailable to a member of the armed forces who "while on active duty and not on furlough, sustained injury due to negligence of others in the armed forces." *Id.* at 138. That describes the present case. The Court further noted that the Act made "'the law of the place where the [negligent] act or omission occurred' govern any consequent liability," *id.* at 142, quoting 28 U.S.C. § 1346(b), and since a soldier has no choice of where he's assigned, that "the geography of an injury should select the law to be applied to his [a soldier's] tort claims makes no sense. … It would hardly be a rational plan of providing for those disabled in service by others in service to leave them dependent upon geographic considerations over which they have no control and to laws which fluctuate in existence and value." *Id.* at 143. The Court pointed out that the military had its own compensation system comparable to the common law tort system embodied in the Federal Tort Claims Act, see *id.* at 145, and "conclude[d] that the Government is not liable under the … Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

*Feres* remains the law, but the plaintiff argues that his claim falls outside its scope. He points out that the negligent acts for which he seeks redress were not the injuries (includ-

ing his contracting diabetes) that he suffered while he was in active military service, but rather the financial and emotional damages that he incurred while an Army reservist because of the Army's delays in paying him the disability benefits to which he was entitled as a result of the injuries. Had he incurred those damages after his retirement, the *Feres* doctrine might well have not applied, see, e.g., *United States v. Brown*, 348 U.S. 110, 112 (1954), because the claim would have accrued when he was no longer a member of the armed forces. But he was not retired until November 5, 2014, and all the delays and other harms of which he complains occurred much earlier, between December 6, 2011, and January 13, 2013; for that was the period in which he was not paid and it was his not being paid that gave rise to the damages he seeks under the Federal Tort Claims Act. Furthermore the alleged harms all relate to Futrell's military benefits and were committed by staff working on the military base. See *Jones v. United States*, 112 F.3d 299, 301–02 (7th Cir. 1997). That he was on reserve status is irrelevant, because the *Feres* doctrine applies to reservists and not just to active military. See, e.g., *Duffy v. United States*, 966 F.2d 307, 312 (7th Cir. 1992); *Herreman v. United States*, 476 F.2d 234, 236–37 (7th Cir. 1973).

What is puzzling is Futrell's passivity during the 13-month period in which as a result of the errors or incompetence of the military paymasters he was receiving no pay. We are not told whether he made any efforts to light a fire under the paymasters, for example by filing grievances up the chain of command or complaining to his senator or representative, who probably would have been aggressive in pressing the paymasters on behalf of a constituent who had served in combat, been injured, and contracted a serious dis-

ease, all while in service. But whether the delay in his receiving money due to him from the government was purely the fault of the government or compounded by laxity in his pursuit of his rights is irrelevant; all that matters is that *Feres* renders the Federal Tort Claims Act inapplicable to a serviceman who incurs injuries that exist only because of his military employment.

The judgment of the district court is

AFFIRMED.