HARRIS v MISSAVAGE

HARRIS v STATE OF MICHIGAN

Docket Nos. 85731, 87564. Submitted October 2, 1986, at Detroit. Decided December 9, 1987. Leave to appeal applied for.

Clarence Harris, a sergeant in the Michigan National Guard, injured his left ankle during a pick-up football game at Camp Grayling while he was involved in a two-week summer training camp exercise. Over the next several days, he was seen by four different medical officers, none of whom were licensed physicians. One diagnosed his injury as a pulled muscle, two diagnosed the injury as a strained Achilles tendon, and the fourth could find nothing wrong with the ankle. After returning home, Harris consulted his family doctor, who diagnosed Harris' injury as a torn or ruptured Achilles tendon. The injury resulted in a permanent limited range of motion in Harris' left foot. Harris filed a medical malpractice suit against the four medical officers, First Lieutenant Anne Missavage, M.D., Second Lieutenant Paul Reynolds, Captain Curtis Champion, M.D., and Second Lieutenant James S. Harrold, in Wayne Circuit Court and filed a related action against the State of Michigan and the Michigan National Guard in the Court of Claims. The two actions were joined for trial in the Wayne Circuit Court. The court, James A. Hathaway, J., granted summary disposition in favor of the State of Michigan and the Michigan National Guard on the basis of governmental immunity. Following trial against the individual defendants, the jury returned a verdict in favor of plaintiff in the amount of $425,000. The trial court denied a motion by the individual defendants for judgment notwithstanding the verdict, a new trial, or, in the alternative, remittitur. The individual defendants appealed. Plaintiff also appealed from the order granting summary dispo-

REFERENCES

Am Jur 2d, Military and Civil Defense §§ 290 et seq.

Am Jur 2d, States, Territories, and Dependencies §§ 99 et seq.

Official immunity of state national guard members. 52 ALR4th 1095.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

sition in favor of the State of Michigan and the Michigan National Guard. The appeals have been consolidated.

The Court of Appeals *held:*

1. The trial court did not err in granting summary disposition in favor of the State of Michigan and the Michigan National Guard on the basis of the doctrine of governmental immunity.

2. Plaintiff's claims against the individual defendants are barred by the doctrine of intramilitary immunity.

Affirmed in part and reversed in part.

1. ARMED SERVICES — GOVERNMENTAL IMMUNITY — NATIONAL GUARD — MEDICAL OFFICERS — MALPRACTICE.

The filling of orthopedic medical positions in the Michigan National Guard is a governmental function which entitles the state and the national guard to governmental immunity from tort liability arising out of treatment rendered by national guard medical personnel.

2. ARMED SERVICES — TORTS — MEDICAL MALPRACTICE — INTRAMILITARY IMMUNITY — NATIONAL GUARD.

The doctrine of intramilitary immunity bars a medical malpractice action brought by a national guardsman against four individual national guard medical officers who incorrectly diagnosed and treated an injury suffered by the plaintiff during a two-week training period where the defendants were acting in the line of duty when diagnosing and treating the plaintiff, plaintiff's injury arose out of an activity incident to military service, and the plaintiff received benefits for the injury under the Veteran's Benefits Act (38 USC 101 *et seq.*).

*Norman P. Ochs,* and *Michael T. Materna,* for plaintiff.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Gary S. Eller, Dennis J. Mendis,* and *Robert C. Longstreth*), for defendant-appellants Missavage, Reynolds, Champion, and Harrold.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Michael D. McDaniel,* Assistant Attorneys General, for State of Michigan and Michigan National Guard.

Before: BEASLEY, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

PER CURIAM. On May 6, 1981, plaintiff Clarence Harris filed a medical malpractice action in Wayne Circuit Court against defendants First Lieutenant Anne Missavage, M.D.; Second Lieutenant Paul Reynolds; Captain Curtis Champion, M.D.; and Second Lieutenant John Harrold. Plaintiff also filed a related action in the Court of Claims against defendants the State of Michigan and the Michigan National Guard. The two actions were joined for trial in the Wayne Circuit Court. Thereafter, the trial court granted summary disposition in favor of defendants the State of Michigan and the Michigan National Guard. Following trial on plaintiff's claims against the remaining individual defendants, the jury returned a verdict in favor of plaintiff in the amount of $425,000. The trial court subsequently denied the individual defendants' motion for judgment notwithstanding the verdict, a new trial, or, in the alternative, remittitur. The individual defendants now appeal as of right. Plaintiff also appeals as of right from the order granting summary disposition in favor of defendants the State of Michigan and the Michigan National Guard. The cases have been consolidated on appeal.

Plaintiff, a member of the national guard, was injured while participating in a two-week summer training camp exercise at Camp Grayling in Grayling, Michigan. Plaintiff fell while playing in a pick-up football game with other guard members, causing injury to his left ankle. Plaintiff was taken to the camp dispensary where he was examined by defendant Missavage.

Defendant Missavage, who was then a third-year

---

* Circuit judge, sitting on the Court of Appeals by assignment.

medical student and a member of the guard, allegedly misdiagnosed plaintiff's injury as a pulled muscle. She prescribed medication for plaintiff, put him on light duty, and told him to stay off the injured leg for a couple of days.

Plaintiff continued to have problems with the leg so he returned to the dispensary the next day. At that time he was examined by defendant Reynolds. Reynolds, who was also a medical student, diagnosed plaintiff's condition as a strained Achilles tendon.

Plaintiff returned to the dispensary on two other occasions during his two-week tour of duty at Camp Grayling due to persistent pain in his ankle. On his third visit, he was examined by defendant Champion. Champion, a recent medical school graduate who was not yet licensed and had not served an internship, also diagnosed plaintiff's injury as a strained Achilles tendon.

On plaintiff's final visit to the dispensary he was examined by defendant Harrold, a medical student. Harrold apparently found nothing wrong with plaintiff's ankle, but issued plaintiff a "sick slip" and advised plaintiff not to do a lot of walking, no marching, and to take whirlpool baths for a few days.

A few days after returning home, plaintiff went to see his family physician, who diagnosed plaintiff's condition as a torn or ruptured Achilles tendon. Plaintiff was referred to Dr. O'Hara, who treated plaintiff's injury by placing plaintiff's foot in a cast. Plaintiff's injury resulted in a permanent limited range of motion in his left foot. Plaintiff is unable to bring his left foot into dorsiflexion (upward movement) past a few degrees of neutral. Consequently, plaintiff commenced the instant actions.

On appeal, plaintiff argues that the trial court

erred by granting summary disposition in favor of defendants the State of Michigan and the Michigan National Guard based on the doctrine of governmental immunity. We disagree.

Pursuant to MCL 691.1407; MSA 3.996(107), except as provided by statute all governmental agencies are immune from tort liability whenever they are engaged in the exercise or discharge of a governmental function. In *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 620; 363 NW2d 641 (1984), reh den sub nom *Zavala v Zinser*, 421 Mich 1202 (1985), our Supreme Court formulated the following test for determining when a governmental agency is engaged in a governmental function:

> [A] governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act. Whenever a governmental agency engages in an activity which is not expressly or impliedly mandated or authorized by constitution, statute, or other law (*i.e.*, an *ultra vires* activity), it is not engaging in the exercise or discharge of a governmental function.

Plaintiff asserts that he alleged certain acts of the guard which were not authorized by law in avoidance of governmental immunity. Plaintiff alleged that the guard knowingly and fraudulently filled orthopedic medical positions with medical students and doctors who were not qualified in orthopedics in order to fill the federally required number of orthopedic positions for the medical unit and to thereby retain federal funding for the

unit. Plaintiff alleges that, as a result of that action, there was no one at Camp Grayling who was actually trained in orthopedics, which in turn was a proximate cause of the misdiagnosis of the plaintiff's injury. Plaintiff argues that the guard's deliberate fraudulent activity was not authorized by law and, thus, was not a governmental function.

The organization and operation of the national guard is an activity which is expressly and impliedly authorized by law. See US Const, art I, § 8; Const 1963, art 3, § 4. The adjutant general of the State of Michigan, acting on behalf of the Governor, has the discretionary duty to select and commission officers for service in the national guard. MCL 32.700; MSA 4.678(300). The authority to appoint and promote officers in the national guard is vested in the Governor. MCL 32.581; MSA 4.678(181). We conclude that the filling of orthopedic medical positions in the national guard is impliedly authorized by these statutes and constitutional provisions. Accordingly, the state was engaged in the exercise of a governmental function in filling positions in the national guard and the state is immune from tort liability arising from that action. The trial court did not err in granting summary disposition in favor of defendants the State of Michigan and the Michigan National Guard on the basis of the doctrine of governmental immunity. Accordingly, we affirm the trial court's grant of summary disposition in favor of defendants in Docket No. 87564.

We note that defendants, the State of Michigan and the Michigan National Guard, raise and discuss additional issues in their appellate briefs; however, we decline to address these issues as defendants have failed to file a cross-appeal in this matter and our disposition of the issue previously

discussed renders them moot. *Michigan Ass'n of Administrative Law Judges v Personnel Director of the State of Michigan,* 156 Mich App 388, 395; 402 NW2d 19 (1986).

In Docket No. 85731, the individual defendants, Lieutenant Missavage, Lieutenant Reynolds, Captain Curtis, and Lieutenant Harrold, raise three claims of error. First, defendants assert that plaintiff's medical malpractice claim is barred by the doctrine of intramilitary immunity delineated in *Feres v United States,* 340 US 135; 71 S Ct 153; 95 L Ed 152 (1950), and its progeny. We agree and reverse.

In *Feres,* the United States Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.,* p 146. The Federal Tort Claims Act, 28 USC 2671 *et seq.,* waives the United States' traditional immunity from suit in its sovereign capacity. The FTCA provides for federal jurisdiction over claims against the United States for injuries negligently caused by government employees acting within the scope of their employment, if a private person under the same circumstances would be liable. Under the *Feres* doctrine, the Supreme Court has established an exception to the waiver of sovereign immunity, holding that the United States is not liable under the FTCA for injuries to servicemen where the injuries arise out of or are in the course of activity incident to military service. *Brown v United States,* 739 F2d 362 (CA 8, 1984), cert den 473 US 904; 105 S Ct 3524; 87 L Ed 2d 650 (1985), citing *United States v Brown,* 348 US 110; 75 S Ct 141; 99 L Ed 139 (1954); *Feres, supra; Brooks v United States,* 337 US 49; 69 S Ct 918; 93 L Ed 1200 (1949).

Three rationales are generally offered in support of the *Feres* doctrine of intramilitary immunity: (1) the "distinctly federal" relationship between the United States and its service personnel; (2) the existence of an alternative compensation system; and (3) the fear of disruption of the military disciplinary structure. *Stencel Aero Engineering Corp v United States,* 431 US 666, 671-672; 97 S Ct 2054; 52 L Ed 2d 665 (1977).

Although *Feres* dealt with actions against the United States under the FTCA, the *Feres* doctrine has been extended to afford intramilitary immunity to defendants being sued in their individual capacities. *Brown v United States, supra,* p 366. See also *Chappell v Wallace,* 462 US 296; 103 S Ct 2362; 76 L Ed 2d 586 (1983); *Hass v United States,* 518 F2d 1138, 1143 (CA 4, 1975); *Bailey v DeQuevedo,* 375 F2d 72, 73-74 (CA 3, 1967), cert den 389 US 923; 88 S Ct 247; 19 L Ed 2d 274 (1967). The *Feres* doctrine has also been held applicable to members of the national guard. *Brown v United States, supra,* p 366; *Anderson v United States,* 724 F2d 608, 610 (CA 8, 1983); *Herreman v United States,* 476 F2d 234 (CA 7, 1973); *Peluso v United States,* 474 F2d 605 (CA 3, 1973), cert den 414 US 879; 94 S Ct 50; 38 L Ed 2d 124 (1973). Further, the *Feres* doctrine is clearly applicable to medical malpractice claims. *Feres, supra; Collins v United States,* 642 F2d 217 (CA 7, 1981), cert den 452 US 964; 101 S Ct 3115; 69 L Ed 2d 975 (1981); *Peluso, supra; Hall v United States,* 528 F Supp 963 (D NJ, 1981), aff'd 688 F2d 821 (CA 3, 1982). Most importantly, the doctrine has been applied to state law claims. As noted in *Jaffee v United States,* 663 F2d 1226, 1239 (CA 3, 1981), cert den 456 US 972; 102 S Ct 2234; 72 L Ed 2d 845 (1982):

[T]he rationale for precluding Federal Tort

Claims Act suits applies equally to suits brought directly under state law. Suits founded on state law have the same potential for undermining military discipline as federal tort claims. In addition, Veterans' Benefits are availablle for those bringing suits founded on state law, just as they are for those bringing federal tort claims suits.

Turning to the instant case, we conclude that the *Feres* doctrine of intramilitary immunity is applicable and bars plaintiff's medical malpractice claim against defendants. The individual defendants were all commissioned officers within the Michigan National Guard. At the time of the incident, plaintiff and defendants were participating in a national guard training exercise. The individual defendants were acting in the line of duty when diagnosing and treating plaintiff, and plaintiff's injury arose out of an activity incident to military service. Further, plaintiff was entitled to and in fact received benefits under the Veteran's Benefits Act, 38 USC 101 *et seq.,* for the injury sustained during the training exercise. Accordingly, we hold that plaintiff's medical malpractice claim against defendants is barred by the doctrine of intramilitary immunity. The judgment of the circuit court is, therefore, reversed.

We decline to address the additional claims of error raised by the individual defendants as our finding that plaintiff's claim is barred by the doctrine of intramilitary immunity renders them moot.

Affirmed in part, and reversed in part.