SMITH v SWARTHOUT

Docket No. 134074. Submitted April 20, 1992, at Grand Rapids.
Decided May 13, 1992; approved for publication August 13,
1992, at 9:20 A.M.

James E. Smith, a member of the Ohio National Guard, brought
an action in the Crawford Circuit Court against John G.
Swarthout, a member of the Michigan National Guard, seeking
damages for personal injuries received when his personal vehi-
cle was struck by a vehicle owned by the federal government
and driven by Swarthout after Smith had just returned to
Camp Grayling, Michigan, following a leave of absence. Both
parties were participating in annual National Guard training
exercises at Camp Grayling. The court, Alton T. Davis, J.,
granted summary disposition for the defendant and dismissed
the action on the ground of intramilitary immunity. The plain-
tiff appealed.

The Court of Appeals *held:*

1. The trial court correctly found that both parties were
federal employees at the time of the accident, that the Federal
Tort Claims Act, 28 USC 2671 *et seq.*, provided the plaintiff's
exclusive remedy, and that it lacked jurisdiction to hear claims
under the act.

2. There is no state tort remedy available to the plaintiff
unless he can show that the FTCA does not apply because the
defendant was not acting within the scope of his employment
at the time of the accident. The trial court did not have
jurisdiction to resolve the merits of the FTCA claim.

3. Because the defendant attempted to obtain certification

REFERENCES

Am Jur 2d, Federal Tort Claims Act §§ 3, 55-58, 65, 66, 71, 118, 119;
Military, and Civil Defense § 291.

Federal Tort Claims Act: When is a government officer or employee
"acting within the scope of his office or employment" for purpose
of determining government liability under 28 USC § 1346(b). 6
ALR Fed 373.

Validity, construction, and effect of 28 USC sec. 2679(b), providing
that remedy against the United States for negligent operation of
motor vehicle is exclusive remedy against driver-employee. 16
ALR3d 1394.

from the Attorney General of the United States that he was acting within the scope of his office or employment when the accident occurred, pursuant to 28 USC 2679(c) and (d)(1)-(2), and had received no response, the trial court was bound to follow the procedures set forth in 28 USC 2679(d)(3), which allow the court to find and certify that the employee was acting within the scope of office or employment, deem the action to be brought against the United States under the FTCA, substitute the United States as the party defendant, and order the action removed to federal court. The defendant's motion to dismiss should have been treated as a motion for certification by the court. His failure to request certification by the court is not fatal and does not confer jurisdiction on the court to resolve the merits of the case.

4. The case must be remanded to the trial court for a determination whether the defendant was acting within the scope of his employment, i.e., in the line of duty, at the time of the accident.

Vacated and remanded.

1. ARMED SERVICES — NATIONAL GUARD — NEGLIGENCE — FEDERAL EMPLOYEES — ACTING WITHIN SCOPE OF OFFICE OR EMPLOYMENT.

Members of the National Guard are federal employees while engaged in training or duty; in general, the federal government may be sued for the negligent acts of its employees committed within the scope of their office or employment; in the context of national guardsmen, the term "acting within the scope of their office or employment" means acting in the line of duty (28 USC 2671, 2674, 2680).

2. TORTS — FEDERAL TORT CLAIMS ACT — FEDERAL EMPLOYEES — EXCLUSIVE REMEDY — MOTOR VEHICLES.

The Federal Tort Claims Act provides the sole substantive remedy for injury or loss of property, or personal injury or death, resulting from the operation by an employee of the federal government of any motor vehicle while acting within the scope of office or employment; federal courts are the only forums available for such actions; state courts do not have jurisdiction to entertain claims under the act (28 USC 1346[b], 2679[b]).

*Grace Dopp Wegner,* for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Kerr L. Moyer*), for the defendant.

Before: Hood, P.J., and Shepherd and K. N. Sanborn,* JJ.

Per Curiam. Plaintiff appeals as of right the trial court's grant of defendant's motion for summary disposition and dismissal of his personal injury action on the ground of intramilitary immunity. We vacate and remand.

On August 25, 1985, plaintiff was a member of the Ohio National Guard and defendant was a member of the Michigan National Guard. Both were participating in annual training exercises at Camp Grayling, Michigan. Plaintiff had just returned to camp from a twenty-four-hour leave, apparently driving his own vehicle. Defendant, who was driving a tanker truck owned by the federal government, allegedly made an improper lane change and struck plaintiff. Plaintiff apparently received benefits from the federal government for his injuries.

Plaintiff sued defendant, the State of Michigan, and the Michigan National Guard. Upon the governmental defendants' motion to dismiss, plaintiff stipulated the dismissal and refiled the claims in the Michigan Court of Claims. Eventually, the Court of Claims dismissed those claims, holding that because the tanker truck was owned by the federal government, the state and the National Guard were not liable for injuries caused by it.

Defendant Swarthout then successfully moved the circuit court to dismiss the claim remaining against him. Defendant argued that the action was barred by the doctrine of intramilitary immunity because, at the time of the accident, both parties were federal employees acting in the line of duty. Plaintiff argues on appeal that the trial court erred in dismissing the case because there was no

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence that both parties were federal employees acting within the scope of their employment. Plaintiff also argues that the court erred in failing to follow the certification procedures of the Federal Tort Claims Act (FTCA), 28 USC 2671 *et seq.* We agree in part.

As acknowledged by both parties, "members of the National Guard while engaged in training or duty" are considered federal employees. See 28 USC 2671. In general, the federal government has consented to be sued for the negligent acts of its employees committed within the scope of their office or employment. See 28 USC 2674; see also 28 USC 2680 (exceptions). In the context of national guardsmen, " '[a]cting within the scope of his office or employment' . . . means acting in [the] line of duty." 28 USC 2671.

On the date of the accident in this case, the FTCA was the sole substantive remedy "for injury or loss of property or personal injury or death, resulting from the operation by any employee of the [federal] Government of any motor vehicle while acting within the scope of his office or employment"; the FTCA was explicitly "exclusive of any other civil action or proceeding by reason of the same subject matter against the employee . . . whose act or omission gave rise to the claim." 28 USC 2679(b) (1966 ed); 80 Stat 307. Additionally, federal courts were the only forums available for such actions; state courts do not have jurisdiction to entertain FTCA claims. See 28 USC 1346(b).

The FTCA provides that a federal employee who is sued for negligence committed during the course of employment should give notice to the United States Attorney General, who may then certify that the employee was in fact acting within the scope of employment, have the United States substituted as the defendant, and have the action

removed to federal court. See 28 USC 2679 (c) and (d) (1)-(2) (1988 ed); 102 Stat 4564. "In the event that the Attorney General has refused to certify scope of office or employment . . . the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action . . . shall be deemed to be an action . . . brought against the United States under the [FTCA] . . . and the United States shall be substituted as the party defendant." 28 USC 2679(d)(3) (1988 ed); 102 Stat 4564. The action may then be removed to federal court but may be remanded if the federal court determines that the employee was not acting within the scope of employment. 28 USC 2679(d)(3) (1988 ed); 102 Stat 4564.

In this case, defendant requested certification from the United States Attorney General, but had not received it on the date of dismissal. He did not request that the trial court certify that he was acting within the scope of his employment. Instead, he moved to dismiss on the basis of intramilitary immunity.

In deciding defendant's motion below, the trial court correctly found that both parties were federal employees, that the FTCA was plaintiff's exclusive remedy, and that it lacked jurisdiction to hear FTCA claims. Nevertheless, the court went on to decide the merits of the case under *Feres v United States,* 340 US 135, 146; 71 S Ct 153; 95 L Ed 152 (1950), which holds that the federal government is not liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The court relied on *Harris v Missavage,* 165 Mich App 96; 418 NW2d 687 (1987), to hold that the *Feres* doctrine applies even to state-law claims. *Harris* is

the only published Michigan case applying the *Feres* doctrine.

In *Harris,* a national guardsman who was injured during a football game while attending annual training at Camp Grayling successfully sued the camp's doctors for medical malpractice. 165 Mich App 98-99. On appeal, the doctors argued that suit was barred by the *Feres* doctrine because the injury had been incurred during an "activity incident to service" and the alleged malpractice had occurred while defendants were acting "within the scope of their employment." 165 Mich App 102. This Court agreed and reversed. 165 Mich 102-104.

*Harris,* however, is not controlling in this case for several reasons. First, when suit was brought in *Harris,* and until November 18, 1988, the FTCA was the exclusive remedy *only* for injuries "resulting from the operation . . . of any motor vehicle." See 28 USC 2679(b) (1966 ed); 80 Stat 307. That is, when *Harris* was decided, a state-law claim such as malpractice was in fact available against the negligent federal employee *unless* the injury resulted from the operation of a motor vehicle. The *Harris* Court applied the *Feres* doctrine of intra-military immunity to that state-law claim.

Additionally, when *Harris* was decided and again until November 18, 1988, the FTCA had no provision for certification of cases where the United States Attorney General had failed or refused to certify that the federal employee was acting during the course of employment. See 28 USC 2679(d) (1988 ed); 102 Stat 4564. Defendant therefore improperly relies on the *Harris* Court's failure to discuss certification. Now, as noted before, the state court may, on defendant employee's motion, issue the certification and substitute the

federal government as defendant. See 28 USC 2679(d)(3) (1988 ed); 102 Stat 4564.

In the present case, the injury arose out of the alleged negligent operation of a motor vehicle by a federal employee and therefore the FTCA, even before the 1988 amendment, provided plaintiff's exclusive substantive remedy. There is no state tort remedy available to plaintiff unless he can show that the FTCA does not apply because defendant was not acting within the scope of his employment at the time of the accident. The trial court had no jurisdiction to resolve the merits of the FTCA claim.

Further, because defendant attempted to obtain certification of his status and had received no response, the trial court was bound to follow the procedures set forth in 28 USC 2679(d)(3), which had already gone into effect. Defendant's motion to dismiss should have been treated as a motion for certification. Defendant's failure to request that the trial court issue this certification, though erroneous, is not fatal and certainly does not confer jurisdiction to resolve the merits.

On remand, the trial court is to decide whether *defendant* was acting within the scope of his employment, that is, in the line of duty, at the time of the accident. Parenthetically, we note that an examination of the facts is necessary and that defendant's affidavit merely stating that he was acting within the scope of his employment is insufficient. Whether *plaintiff* was engaged in an activity "incident to service"—and, therefore, whether suit is barred by the *Feres* doctrine—is a thorny substantive question to be decided by the federal court upon removal in light of the abundant, and often contradictory, federal case law on that point.

The order of dismissal is vacated and the case is remanded for proceedings consistent with this opinion. We do not retain jurisdiction.